1
2
3
4
5
# UNITED STATES DISTRICT COURT
6
### EASTERN DISTRICT OF CALIFORNIA
7
8   DANIEL MASTERSON,                           1:11-cv-01179-GSA-PC

9                          Plaintiff,            ORDER DENYING PLAINTIFF'S MOTIONS
                                                 FOR PRELIMINARY INJUNCTIVE RELIEF
10  v.                                           (Docs. 7, 9, 13.)

11  SUZANNE KILLEN, et al.,                      ORDER DENYING PLAINTIFF'S MOTION
                                                 RE POSTING SECURITY AS MOOT
12                         Defendants.           (Doc. 12.)
                    _____/
13

14  **I.       BACKGROUND**

15          Daniel Masterson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

16  with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing

17  this action on July 18, 2011, against defendants Suzanne Killen, Velva Rowell, Brad Hall, and

18  Patricia Medved, for retaliation in violation of the First Amendment and for due process violations

19  under the Fourteenth Amendment.  (Doc. 1.)

20          On August 9, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and

21  no other parties have made an appearance.  (Doc. 6.)  Therefore, pursuant to Appendix A(k)(4) of

22  the Local Rules of the Eastern District of California, the undersigned shall conduct any and all

23  proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule

24  Appendix A(k)(3).

25          On August 16, 2011, November 9, 2011, and January 25, 2012, Plaintiff filed motions

26  requesting preliminary injunctive relief.  (Docs. 7, 9, 13.)  On November 9, 2011, Plaintiff filed a

27  motion for the Court to excuse him from being required to post security.  (Doc. 12.)  Plaintiff's

28  motions are now before the Court.

## II.     MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. <u>Id.</u> at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u>  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order prohibiting defendants and other prison staff at the California Substance Abuse Treatment Facility from harassing, threatening, transferring, or retaliating against him.  Plaintiff also requests a court order requiring prison officials to issue Plaintiff his property and submit a Martinez Report to the Court regarding his placement in administrative segregation.

At this stage of the proceedings, the Court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action.  None of the defendants have been served or appeared in this action, and "a federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." <u>Zepeda v. United</u>

States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  With respect to service, the Court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the Court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Because none of the defendants have appeared in this action, the Court does not have jurisdiction to issue an order prohibiting them from acting against Plaintiff or requiring them to act.

Moreover, even if the Complaint had been served and defendants had appeared in this action, the court would lack jurisdiction to issue the orders sought by Plaintiff, because the orders would not remedy any of the claims brought by Plaintiff in the Complaint.  Plaintiff's claims in the Complaint are based on events occurring before July 18, 2011, the date this action was filed.  Plaintiff now requests court orders protecting him from present and future actions by prison officials.  Such orders would not remedy any of the claims in this action.

Plaintiff also requests the Court to excuse him from being required to post security with respect to his motions.  (Doc. 12.)  Based on the Court's ruling herein on Plaintiff's motions for preliminary injunctive relief, Plaintiff's motion concerning the posting of security is moot and shall be denied as such.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's motions for preliminary injunctive relief, filed on August 12, 2011, November 9, 2011, and January 25, 2012, are DENIED; and

2.   Plaintiff's motion for the Court to excuse him from being required to post security, filed on November 9, 2011, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **February 6, 2012**          /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE