# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON, | 1:11-cv-01179-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST TO REVIEW EXHIBITS <br> (Doc. 16.) |
| v. | |
| SUZANNE KILLEN, et al., | ORDER REQUIRING PLAINTIFF TO EITHER: |
| Defendants. | (1)    FILE FIRST AMENDED COMPLAINT, OR <br> (2)    NOTIFY COURT THAT HE DOES NOT WISH TO AMEND |
| | ORDER FOR CLERK TO RETURN ORIGINAL EXHIBITS TO PLAINTIFF <br> (Docs. 15, 16.) |
| | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT |

_____/

## I.    BACKGROUND

Daniel Masterson ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 18, 2011, Plaintiff filed the original Complaint, which awaits the mandatory screening by the Court.  (Doc. 1.)

On February 27, 2012, Plaintiff submitted exhibits in support of the Complaint, which were lodged by the Court.  (Doc. 15.)  On February 29, 2012, Plaintiff submitted additional exhibits, together with a request for the Court to review the exhibits.  (Doc. 16.)

## II. LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff seeks to add exhibits to the Complaint. However, under Rule 220, Plaintiff may not amend the complaint by adding information or exhibits piecemeal after the complaint has been filed. To add the exhibits, Plaintiff must file a new amended complaint which is complete within itself, along with the exhibits. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence. Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983. Rather, the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave

shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has not amended the complaint, and no responsive pleading has been served, Plaintiff does not require leave of Court to file a First Amended Complaint. Plaintiff shall be granted thirty days in which to file a First Amended Complaint. If Plaintiff does not wish to file a First Amended Complaint, he must so notify the Court within thirty days.

Should Plaintiff choose to amend the Complaint, Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding new defendants for unrelated claims. In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

The amended complaint, if any, should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

## III.   CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's request for the Court to review his exhibits is DENIED;

2.      The Clerk of the Court shall SEND one civil rights complaint form to Plaintiff;

3.      Within thirty days from the date of service of this order, Plaintiff shall either:

(1)      File a First Amended Complaint that is complete within itself; or

(2)      Notify the Court that he does not wish to file a First Amended Complaint;

4.      The amended complaint, if any, should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to case number 1:11-cv-01179-GSA-PC, and be an original signed under penalty of perjury;

5.    The Clerk is directed to RETURN TO PLAINTIFF his original exhibits submitted

on February 27, 2012 and February 29, 2012; and

6.    Plaintiff's failure to comply with this order may result in the dismissal of this action

for failure to comply with a court order.


IT IS SO ORDERED.

**Dated:    March 1, 2012**                    _____ /s/ **Gary S. Austin**_____
                                                                UNITED STATES MAGISTRATE JUDGE