1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

DANIEL MASTERSON,                          1:11-cv-01179-GSA-PC

12                    Plaintiff,            ORDER GRANTING MOTION FOR LEAVE
                                           TO AMEND AND SUPPLEMENT THE
13       v.                                COMPLAINT
                                           (Doc. 21.  Also Resolves Doc. 20.)
14   SUZANNE KILLEN, et al.,
                                           ORDER DIRECTING CLERK TO FILE
15                                         SECOND AMENDED/SUPPLEMENTAL
                      Defendants.          COMPLAINT LODGED ON MARCH 1, 2013
16                                         (Doc. 22.)

17   _____/

18   **I.    BACKGROUND**

19          Daniel Masterson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

20   this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing

21   this action on July 18, 2011.  (Doc. 1.)  On March 19, 2012, Plaintiff filed the First Amended

22   Complaint. (Doc. 18.) On November 19, 2012, Plaintiff filed a motion for stay of the proceedings

23   in this action while he exhausts administrative remedies.  (Doc. 20.)  On March 1, 2013, Plaintiff

24   filed a motion for leave to amend and supplement the complaint.  (Doc. 21.)  Plaintiff also lodged

25   a proposed Second Amended/Supplemental Complaint on March 1, 2013.  (Doc. 22.)

26          Plaintiff's motion for leave to amend and supplement the complaint is now before the Court.

27   ///

28   ///

1

## II.     LEGAL STANDARDS

### A.     Motion to Amend – Rule 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Here, Plaintiff has previously amended the Complaint, and no other party has appeared.  Therefore, Plaintiff requires leave of court to amend his complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  Amerisource Bergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### B.     Motion to File Supplemental Complaint – Rule 15(d)

A supplemental complaint adds allegations to the complaint of events occurring after the original complaint was filed.  Fed. R. Civ. P. 15(d).  Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Id.   A party may only file a supplemental complaint with leave of court.  Id.

When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile.  See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), ///

1   Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400

2   (9th Cir. 1997)).

3   **III.    PLAINTIFF'S MOTION**

4          Plaintiff seeks leave to file a Second Amended/Supplemental Complaint, to add defendants

5   and allegations arising from events occurring after this action was filed on July 18, 2011.  Plaintiff

6   claims that he has exhausted his administrative remedies for the later-occurring events.

7          **Discussion**

8          Plaintiff filed the First Amended Complaint on March 19, 2012, which superceded Plaintiff's

9   original Complaint filed on July 18, 2011.  Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th

10  Cir.  2012)(en banc).  The First Amended Complaint names as defendants Suzanne Killen, Velva

11  Rowell, Brad Hall, Patricia Medved, and R.M. Hall.  In brief, Plaintiff alleges that defendants denied

12  his request for copies, reassigned him from a paying job to a non-paying job, improperly processed

13  his prison grievances, denied him access to the law library, issued adverse CDC-128 chronos against

14  him, threatened him, and took money from his prison trust account, in a concerted effort to retaliate

15  against him for filing prison grievances.  Plaintiff brings claims for retaliation under the First

16  Amendment, and for violation of his rights to due process and equal protection under the Fourteenth

17  Amendments.

18         This action has been pending since July 2011, and if new defendants and claims are added

19  at this stage of the proceedings, screening the complaint and serving process may take longer.

20  However, given that the complaint has not been served and no other party has appeared in the action,

21  amending the complaint at this juncture will not prejudice the opposing party or cause an undue

22  delay in the litigation.  The court has reviewed the proposed Second Amended/Supplemental

23  Complaint and finds no evidence of bad faith or dilatory motive on Plaintiff's part, or futility in

24  allowing leave to amend and supplement the complaint.  Plaintiff proposes to add seven new

25  defendants and new allegations of incidents occurring between August 11, 2011 and August 29,

26  2012. (Doc. 22 at 21-43 ¶¶47-86.)  The new allegations are a continuation of Plaintiff's allegations

27  in the First Amended Complaint of retaliatory acts against him, and Plaintiff alleges that all of the

28  defendants acted in concert.  Allowing supplementation of the complaint would serve the interests

of judicial economy, because Plaintiff will be able to bring all of his related allegations and claims in one action, rather than in multiple actions.  Based on this analysis, Plaintiff's motion to amend and supplement the complaint shall be granted.  This order shall also resolve Plaintiff's motion for stay, filed on November 19, 2012.[1]

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for leave to amend and supplement the complaint, filed on March 1, 2013, is GRANTED;

2.     The Clerk of the Court is directed to FILE the Second Amended/Supplemental Complaint which was lodged on March 1, 2013; and

3.     This order also resolves Plaintiff's motion for stay, filed on November 19, 2012.

IT IS SO ORDERED.

Dated:   __March 7, 2013__        _____/s/ **Gary S. Austin**_____
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] In the motion for stay, Plaintiff requests a stay of the proceedings in this action while he exhausts administrative remedies with respect to related allegations and claims occurring after the date the original Complaint was filed, "therefore allowing Plaintiff to petition the Court to file a Second Amended and Supplemental Complaint." (Doc. 20 at 3-4.)  Because Plaintiff now claims that he has exhausted all of his administrative remedies and seeks leave to file a Second Amended/Supplemental Complaint, the motion for stay is moot.