UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>             Plaintiff,<br><br>       vs.<br><br>SUZANNE KILLEN, et al.,<br><br>             Defendants. | 1:11-cv-01179-GSA-PC<br><br>ORDER DISMISSING COMPLAINT FOR PLAINTIFF'S VIOLATION OF RULE 8(a), WITH LEAVE TO AMEND (Doc. 24.)<br><br>THIRTY DAY DEADLINE TO FILE THIRD AMENDED/SUPPLEMENTAL COMPLAINT NOT EXCEEDING TWENTY-FIVE PAGES |

**I.     BACKGROUND**

Daniel Masterson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 18, 2011. (Doc. 1.)  On March 19, 2012, Plaintiff filed the First Amended Complaint. (Doc. 18.)  On March 1, 2013, with leave of court, Plaintiff filed a Second Amended/Supplemental Complaint, which is now before the court for screening. (Doc. 24.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### III.   SECOND AMENDED/SUPPLEMENTAL COMPLAINT

Plaintiff is presently incarcerated at the California State Prison-Los Angeles County in Lancaster, California. The events in the Second Amended/Supplemental Complaint (SA/SC) allegedly occurred at the California Substance Abuse Treatment Facility in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names twelve defendants: Suzanne Killen, Velva Rowell, Brad Hall, Patricia Medved, R. M. Hall, Kelly Santoro, Randy Tolson, Michael Fisher, F. A. Rodriguez, L. Zinani, Johanna P. Cordova, and Gomez.

#### Rule 8(a)

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65 (2007)). "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Wal-Mart Stores, Inc., 572 F.3d at 681 (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950; Moss, 572 F.3d at 969. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff's SA/SC consists of 47 typewritten pages divided into 95 paragraphs, alleging events occurring between February 12, 2010 and August 29, 2012. While it is true that Plaintiff was granted leave on March 8, 2013 to file an amended complaint supplemented with after-occurring events, the SA/SC fails to comport with Rule 8(a)'s instruction that the complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative does not succinctly allege facts against named defendants. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's SA/SC shall be dismissed for his violation of Rule 8(a), with leave to amend.

Given that Plaintiff must also comply with Rule 18(a), as discussed below, twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, the Third Amended/Supplemental Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation. Further, Plaintiff is not permitted to add events to the Third Amended/Supplemental Complaint which occurred after August 29, 2012.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by

> the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." <u>Id.</u> at 743-44.

### A.     **Rule 18(a)**

Plaintiff is cautioned that he may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison

Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

In deciding what to include in the Third Amended/Supplemental Complaint, Plaintiff must take care not to include unrelated claims as described above.

### B.     **Retaliation Claim**

Plaintiff alleges in the SA/SC that defendants retaliated against him for his protected conduct under the First Amendment.  The Court now provides Plaintiff with the legal standard that applies to his retaliation claims.[1]  Plaintiff should carefully review the standard and amend only those retaliation claims that he believes, in good faith, are cognizable.

As discussed by the Ninth Circuit in <u>Watison v. Carter</u>:

> "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009). A retaliation claim has five elements. <u>Id.</u> First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. <u>Id.</u> at 567. The adverse action need not be an independent constitutional violation. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." <u>Brodheim</u>, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. <u>See Pratt</u>, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); <u>Murphy v. Lane</u>, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." <u>Robinson</u>, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he

---

[1] By providing this legal standard, the court in no way intends to imply that Plaintiff is limited only to retaliation claims in the Third Amended/Supplemental Complaint.

suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.

Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended/Supplemental Complaint violates Rule 8(a). Therefore, the Second Amended/Supplemental Complaint shall be dismissed with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). The Court will provide Plaintiff with time to file a Third Amended/Supplemental Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a Third Amended/Supplemental Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 677 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 554 (citations omitted).

///

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding issues arising after August 29, 2012. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the date the Third Amended/Supplemental Complaint is filed. As discussed above, Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence. Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983. Rather, the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

Plaintiff is advised that an amended complaint supercedes the prior complaints, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleadings, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended/Supplemental Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended/Supplemental Complaint, filed on March 1, 2013, is dismissed for violation of Rule 8(a), with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third Amended/Supplemental Complaint curing the deficiencies identified by the court in this order;

4. Plaintiff shall caption the amended complaint "Third Amended/Supplemental Complaint" and refer to the case number 1:11-cv-01179-GSA-PC;

5. The Third Amended/Supplemental Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation;

6. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

7. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed in its entirety.

IT IS SO ORDERED.

Dated:  **October 8, 2013**                              **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE