UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>      Plaintiff,<br><br>   vs.<br><br>SUZANNE KILLEN, et al.,<br><br>      Defendants. | 1:11-cv-01179-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, FOR LACK OF JURISDICTION<br>(Doc. 45.) |

## I.  BACKGROUND

Daniel Masterson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 18, 2011.  (Doc. 1.)  This case proceeds with Plaintiff's Third Amended Complaint filed on November 22, 2013 against defendants Suzanne Killen, Velva Rowell, Brad Hall, Michael Fisher, Lieutenant F. A. Rodriguez, Kelly Santoro, and Captain Randy Tolson for retaliation, and against defendants Suzanne Killen, Velva Rowell, Brad Hall, Lieutenant F. A. Rodriguez, Kelly Santoro, and Captain Randy Tolson for conspiracy to retaliate against Plaintiff.  (Doc. 28.)

On February 23, 2015, Plaintiff filed a request for the court to issue an order, which the court construes as a motion for preliminary injunctive relief.  (Doc. 45.)

## II.     PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

### Discussion

Plaintiff is presently incarcerated at the Richard J. Donovan Correctional Facility (RJD) in San Diego, California. Plaintiff seeks a court order requiring prison staff at RJD to stop retaliating against him. However, the events at issue in Plaintiff's complaint for this action allegedly occurred the California Substance Abuse Treatment Facility and State Prison in Corcoran, California, when Plaintiff was incarcerated there.

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719,

727 (9th Cir. 1985). The order Plaintiff seeks would bar persons who are not defendants in this action, and who are not before the court, from acting and would not remedy any of the claims upon which this action proceeds. Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

**III.   CONCLUSION**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on February 25, 2015, 2013, is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **February 25, 2015**             **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE