UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>SUZANNE KILLEN, et al.,<br><br>        Defendants. | 1:11-cv-01179-LJO-GSA-PC<br><br>ORDER STRIKING DISCOVERY DOCUMENT FILED WITH THE COURT (ECF No. 54.) |

Daniel Masterson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 18, 2011.  (ECF No. 1.)  This case now proceeds with Plaintiff's Third Amended Complaint filed on November 22, 2013, against defendants Suzanne Killen, Velva Rowell, Brad Hall, Michael Fisher, Lieutenant F. A. Rodriguez, Kelly Santoro, and Captain Randy Tolson for retaliation, and against defendants Suzanne Killen, Velva Rowell, Brad Hall, Lieutenant F. A. Rodriguez, Kelly Santoro, and Captain Randy Tolson for conspiracy to retaliate against Plaintiff.[1]  (ECF No. 28.)  This case is now in the

---

[1] On June 30, 2014, the court issued an order dismissing all other claims and defendants from this action, for failure to state a claim.  (ECF. No. 31.)

1

discovery phase, pursuant to the court's Discovery and Scheduling Order issued on November 14, 2014. (ECF No. 42.)

On July 14, 2015, Plaintiff filed a document entitled "Plaintiff's Objection to Defendants' Demand, in Part, for Production of Documents, and Request for Postponement of the Taking of Plaintiff's Deposition." (ECF No. 54.) Plaintiff's document is not fashioned as a motion to compel discovery or a motion for extension of time directed to the court. Instead, Plaintiff's document constitutes a response to Defendants' request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, and a request for Defendants to reschedule Plaintiff's deposition.

Plaintiff is advised that discovery documents should be sent to the Defendants, not to the court. Fed. R. Civ. P. 33, 34, 36. Pursuant to Local Rules, discovery documents including interrogatories, requests for production of documents, requests for admission, responses, and proofs of service, "shall not be filed unless and until there is a proceeding in which the document or proof of service is at issue." L.R. 250.2(c), 250.3(c), 250.4(c). Here, there is no indication that a proof of service or any discovery document is at issue in this case.[2] Therefore, Plaintiff's response to Defendants' request for production of documents shall be stricken from the record as improperly filed.

Plaintiff also requests that Defendants postpone the date they have scheduled for Plaintiff's deposition. This request is directed to Defendants and not to the court, and the request should not have been filed with the court. The parties are expected to conduct discovery, including the scheduling of depositions, between the parties, without court intervention, until such discovery is at issue.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's "Objection to Defendants' Demand, in Part, for Production of Documents, and Request for Postponement of

///

---

[2] In the event that Defendants fail to make disclosures or to cooperate in discovery, Plaintiff is referred to Federal Rule of Civil Procedure 37 which governs motions to compel. Plaintiff should also refer to the court's Discovery and Scheduling Order filed on November 14, 2014 for information about conducting discovery.

the Taking of Plaintiff's Deposition," filed on July 14, 2015, is STRICKEN from the record as improperly filed.

IT IS SO ORDERED.

   Dated: __**July 19, 2015**__         _____**/s/ Gary S. Austin**_____
                                                           UNITED STATES MAGISTRATE JUDGE