# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>S. KILLEN, et al.,<br><br>    Defendants. | Case No.  1:11-cv-01179-LJO-SAB-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT HAMPSON'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE AND DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE<br><br>(ECF Nos. 65, 66) |

Plaintiff has requested an extension of time of ten days in which to respond to Defendant Hampson's Request for Production of Documents.  Good cause appearing, Plaintiff's motion should therefore granted.

Plaintiff also seeks an unspecified extension of time in which to extend the time for filing discovery motions.  Defendants oppose the motion.  Plaintiff supports the motion with his own declaration.  Plaintiff indicates that he "continues to wait for Defendants' responses to propounded discovery requests, which are required prior to Plaintiff filing a single motion to compel and motion for in camera review." (Decl. ¶ 3.)  Plaintiff declares that on August 7, 2015, he sent to Defendants' attorney a "Good faith attempt to confer pursuant to F.R.C.P. 37(a)(2)."  On August 31, 2015, defense counsel responded that they would not be supplementing their responses.  Plaintiff indicates that "in an effort to be frugal with the Court's

and parties' time and resources, Plaintiff is awaiting for the complete and total discovery responses from Defendants, thus avoiding having to file multiple Motions to Compel or for in camera review, for separate sets of discovery requests." (Id. ¶¶ 4,5.)

Defendants oppose the motion, supporting their opposition with the declaration of Michelle Mayer, counsel for Defendants. Defendants argue that Plaintiff's motion should be denied because Defendants have responded to all timely-served discovery, and Plaintiff has not demonstrated diligence or good cause to extend the deadline.

The Court issued a discovery and scheduling order on November 14, 2014. (ECF No. 42.) The order set a discovery deadline of July 14, 2015. Based on that discovery deadline, discovery requests were required to be served no later than May 26, 2015.[1] On April 15, 2015, Plaintiff submitted twenty-five requests for admissions on Defendants Hall and Rodriguez. (Mayer Decl. ¶ 3.) On April 30, 2015, Plaintiff submitted a request for twenty-five admissions on Defendants Fisher and Tolson. (Id.) On May 15, 2015, Plaintiff submitted a request for twenty-five admissions on Defendant Santoro and a second set of requests for twenty-five admissions on Defendant Killen. (Id.) On May 28, 2015, Plaintiff submitted a request for production of documents on all seven Defendants. Defendants timely responded to all these discovery requests. (Id.)

On June 25, 2015, Plaintiff served his second request for production of documents on all seven Defendants and separate interrogatory requests to Defendants Killen, Tolson, and Hampson. (Id. ¶¶ 4, 5.) On July 5, 2015, Plaintiff served his third request for production of documents on all Seven Defendants and on July 8, 2015, Plaintiff served separate interrogatory requests to Defendants Fisher, Rodriguez, Hall, and Santoro. (Id. ¶¶ 6, 7.) Pursuant to the original discovery schedule, these discovery requests were untimely. On July 13, 2015, Plaintiff filed a motion to compel. (ECF No. 53.) The Court construed this as a motion to extend the discovery deadline and granted the motion on July 16, 2015, setting a new discovery deadline of October 15, 2015. (ECF No. 55.) Based on the new discovery deadline, Plaintiff's requests

---

[1] Defendants had 48 days to serve their responses. Discovery order, ECF No. 42, at ¶2; Fed. R. Civ. P. 6(d).

were required to be served no later than August 28, 2015.  Defendants responded to these discovery requests.  (Id. ¶¶ 4, 7.)

On September 17, 2015, Plaintiff served his fourth request for production of documents on all seven Defendants and a second set of interrogatories on Defendant Rodriguez.  (Id. ¶ 9.)  Defendants' responses are due after the close of discovery, on November 4, 2015.  One week later, Plaintiff served a second set of interrogatories on Defendants Killen and Hampson (Id. ¶ 10.)  Defendants' responses are due after the close of discovery, on November 11, 2015.

A scheduling order may only be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).   A court's consideration of "good cause" primarily focuses on the diligence of the party seeking the amendment.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).   The court may modify the pretrial schedule "if it cannot be reasonably met despite the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609 (citing Fed. R. Civ. P. advisory committee's notes (1983 amendment).  In demonstrating its collaboration with court in managing the case, the moving party should establish: 1) diligence in assisting the court in fashioning a workable scheduling order; 2) any actual or anticipated noncompliance resulting from circumstances not reasonably anticipated at the time of the scheduling conference; and 3) a prompt request for modification once it became apparent that compliance was not possible.  Hood v. Hartford Life & Acc. Ins. Co., 567 F.Supp.2d 1221, 1224 (E. D. Cal. 2008).   The Court may also consider the prejudice to the party opposing the modification.  Johnson, 975 F.2d at 609.  Further, if the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the Court should not grant the motion to modify.  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court finds that Plaintiff has not been diligent.  Plaintiff's first discovery requests were submitted approximately 6 months after the opening of discovery.  The Court has already extended the discovery deadline.  Here, Plaintiff did not file a prompt request for modification, and has not indicated why his noncompliance was reasonably anticipated.  Plaintiff filed his most recent discovery requests, which were untimely, without leave of Court to extend the discovery deadline.  Plaintiff now seeks to extend the discovery deadline.  The Court finds that Plaintiff has

1 not shown good cause to extend the discovery deadline. The issues in this case are not complex,
2 and Plaintiff has had sufficient time to conduct and complete discovery. As to Plaintiff's request
3 for an extension of time to respond to Defendant Hampson's Request For Production of
4 Documents, Set One, the Court finds that Plaintiff has shown good cause.

5       Accordingly, IT IS HEREBY ORDERED that:

6       1. Plaintiff's request for a ten day extension of time to respond to Defendants Hampson's
7 Request For Production of Documents, Set One, is granted.

8       2. Plaintiff's request to extend the discovery deadline is denied. The discovery
9 deadline stands at October 15, 2015.

11 IT IS SO ORDERED.

12 Dated:  **October 13, 2015**

                                  UNITED STATES MAGISTRATE JUDGE