# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>S. KILLEN, et al.,<br><br>        Defendants. | Case No.  1:11-cv-01179-DAD-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR IN CAMERA REVIEW<br><br>(ECF NO. 69)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND TO EXTEND THE DISPOSITIVE MOTION FILING DEADLINE<br><br>(ECF NO. 72)<br><br>Dispositive Motion Deadline:<br>March 16, 2016 |

Plaintiff Masterson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Pending before the Court is Plaintiff's motion to compel and for an in camera review (ECF No. 69) and Defendants' motion to compel further discovery responses from Plaintiff. (ECF No. 72.)  Defendants have opposed Plaintiff's motion to compel and for in camera review (ECF No. 73.)  Plaintiff has opposed the motion to compel.  (ECF No. 75.)

This action proceeds on the November 22, 2013, third amended complaint. (ECF No. 28.)

1

The events at issue in this lawsuit arise from events occurring between July 6, 2010 and May 4, 2012 at the Substance Abuse Treatment Facility at Corcoran (SATF).  The gravamen of Plaintiff's complaint is that all of the named defendants participated in a conspiracy to retaliate against him for filing inmate grievances and court cases, in violation of the First Amendment. There are also allegations regarding an escort to the law library on December 17, 2011, and a threat by another inmate (Defendant Killen's inmate clerk) on December 30, 2011.   On June 30, 2014, an order was entered finding that the Third Amended Complaint stated a claim against Defendants Killen, Rowell, Hall, Fisher, Rodriguez, Santoro, and Tolson for retaliation, and against Defendants Killen, Rowell, Hall, Rodriguez, Santoro and Tolson for conspiracy to retaliate against Plaintiff.   The remaining claims and Defendants were dismissed.

Plaintiff seeks to compel responses to his Requests for Production of Documents Nos. 1, 4, 5, 8, 15.[1]  Defendants also seek an order directing Plaintiff to respond to all of Defendant Killen's interrogatories.  Defendants' motion is supported by the declaration of counsel.

**I.     Plaintiff's Motion To Compel and for In Camera Review (ECF No. 69)**

**A.  Request No. 1**

Plaintiff seeks the production of "all documents that contain, mention, construe, or refer to any incident that occurred in the California Substance Abuse Treatment Facility, State Prison, hereafter CSATF-SP, Delta Facility Library on or about December 30, 2011."  Defendants objected on the grounds of vagueness, confidentiality pursuant to California Code of Regulations Title 15, Sections 3321 and 3450.  Defendants further asserted the official information privilege under California Evidence Code section 1040 et. seq.  Along with their objections, Defendants submitted to Plaintiff a privilege log and supporting declaration.  Finally, Defendants responded that to the extent Plaintiff is seeking information contained in his own central file records, such documents are equally available to Plaintiff, and Plaintiff is legally entitled to review them. Without waiving objections, Defendant responded by producing non-confidential documents from Plaintiff's central file referencing an incident involving Plaintiff that occurred in the SATF

---

[1] Plaintiff's Requests for Production of Documents were directed at all seven Defendants.

Delta Library on December 30, 2011.

Relevant documents may be withheld based on the "official information privilege." The official information privilege is a qualified privilege, which balances the privilege against the probative value of the information sought. Kelly v. City of San Jose, 114 F.R.D. 653, 655 (N.D. Cal. 1987). Once invoked, the opposing party must show that the balance of interests weighs in his favor, before those privileged documents must be produced. (Id.)  In support of their assertion of the privilege, Defendants submit the declaration of Correctional Counselor Barba, the Litigation Coordinator at SATF. Counselor Barba declares that the documents reflecting the confidential, inmate interview and investigation of an incident on December 30, 2011, are kept confidential by the CDCR, and that he has personally reviewed them. (Barba Decl. ¶ 3-4.) Counselor Barba identifies and describes the significant governmental and privacy interests that would be threatened by a disclosure of confidential interview and investigation documents to Plaintiff, as well as how the disclosure of these documents, even subject to a protective order, would still create a substantial risk of harm to those governmental interests. ( Id. at ¶¶ 5-7.) Counselor Barba's declaration also identifies the potential harm that would ensue were the Court to order production of the documents Plaintiff seeks. (Id. at ¶ 7.)

Defendants argue that the release of these documents to Plaintiff, a California prisoner, would reveal some of the techniques and methods by which CDCR interviews and investigates inmates regarding confidential enemy allegations, and some of the types of corrective measures that might be taken as a result of these investigations. Prison inmates with this information would have the tools to sabotage staff attempts to deal with disruptive inmate conduct and to undermine investigations into these incidents. Inmates could use this information to make more effective but false accusations against other inmates, and to manipulate staff regarding discipline and/or housing of other inmates. The disclosure would substantially undermine staff's ability to function and control inmate interactions effectively and confidentially and maintain inmate's anonymity. The release of the sensitive documents would also likely impair staff morale, and would also impair well-grounded inmate complaints against staff or other inmates, and the investigations into such complaints. (Id. at ¶¶ 5-7.)

1  Counselor Barba's declaration notes each of the relevant considerations set forth in Kelly,
2 114 F.R.D. at 670. Against these considerations, the Court weighs the minimal probative value
3 the documents would offer Plaintiff in attempting to prove his retaliation claims against the
4 Defendants. Plaintiff has already stated in his complaint that he has spoken to the inmate who
5 claimed enemy concerns against Plaintiff and also to the Defendants themselves regarding his
6 retaliation allegations. (Third Amended Complaint, ECF No. 28, at ¶¶ 31, 35- 36.)  Defendants
7 correctly argue that Plaintiff's speculation regarding what may be contained in these three pages
8 of documents goes far afield of the investigation and conclusion. After an investigation, it was
9 determined that there were valid enemy concerns between Plaintiff and this other inmate, and
10 Plaintiff has been provided with this documentation.

11  Plaintiff's motion to compel fails to show how or why Defendant's objections are
12 insufficient or inadequate and offers no argument that overcomes Defendants' assertion of
13 privilege. Defendants properly objected to Plaintiff's request, produced responsive documents,
14 and properly withheld three pages of privileged documents. The Court finds that Defendants
15 responded to Plaintiff's request and properly asserted privilege. Plaintiff's motion to compel
16 additional documents should be denied as to Request No. 1.

17  **B. Request No. 4**

18  Plaintiff seeks "a copy of any notes, loose pages, records, entries kept by Defendant
19 Killen while assigned to the CSATF-SP Delta [sic] Facility Library that contain, mention,
20 construe, or refer to Plaintiff, including but not limited to correspondence, messages to any other
21 named defendant in this instant action." Defendants objected on the ground that the request is
22 overbroad and unduly burdensome with regard to scope of time. Defendants also objected "to
23 the extent" that the request called for information that inmates are not permitted to possess und
24 California Code of Regulations, title 15, sections 3450(d) and 3321. Without waiving the
25 objections, Defendants produced all documents in their possession, custody and control
26 responsive to the request.

27  Plaintiff makes no argument that overcomes Defendants' assertion of privilege.
28 Defendants asserted privilege, and served Plaintiff with the privilege log. Analyzing the Kelly

4

factors above, the Court finds the assertion of privilege to be supported by declaration. Plaintiff makes no argument that justifies an order directing the production of privileged documents. Defendants have produced all responsive, non-privileged documents in their possession. Plaintiff's motion to compel should be denied as to Request No. 4.

### C. Request Nos. 5 and 8

Plaintiff's Requests 5 and 8, respectively, seek "a copy of any and all 'Appeal Inquiries' for any CDCR-602 Inmate/Parolee Appeal Forms that were submitted/filed by Plaintiff against any listed defendant, that are not available to Plaintiff due to being labeled 'Confidential,' including but not limited to Inmate/Parolee Appeals labeled as 'Staff Complaints' for the period relevant to this action." Plaintiff also seeks "a copy of the total amount of 'Staff Complaints' filed against each defendant separately, for the period of September 2004 through March 2012."

Essentially, Plaintiff is seeking information that Defendants asserted was confidential. Along with their response asserting the privilege, Defendants served Plaintiff with a privilege log and supporting declaration. Defendants also objected on the ground that the requests were overbroad as to scope because the timeframe is not relevant to this action.

Plaintiff fails to make any argument regarding overbreadth. Plaintiff's argument focuses on the Defendants' assertion of privilege. Regarding Request No. 5, Plaintiff argues that Defendants are trying to manipulate or take advantage of Plaintiff because he is a pro se prisoner and is unrepresented by counsel. Regardless of whether Plaintiff is represented, he is entitled to non-privileged matter that is relevant to his claims. Fed. R. Civ. P. 26(b)(1). Plaintiff also argues that he is entitled to this information because he has received this type of information in another lawsuit. That Plaintiff may have received such information in another lawsuit does not entitle Plaintiff to privileged information in this lawsuit. Analyzing the Kelly factors above, the Court finds the assertion of privilege to be supported by declaration. Plaintiff makes no argument that justifies an order directing the production of privileged documents. Plaintiff's motion to compel should be denied as to Request Nos. 5 and 8.

### D. Request No. 15

Defendants note that, pursuant to the amended scheduling order entered on July 16, 2015,

(ECF No. 55), all discovery was to be completed by October 15, 2015.  Responses to discovery served under Federal Rules of Civil Procedure 31, 33, 34 and 36 are required within forty-five days of service.  Plaintiff served his request after the August 28, 2015 deadline.  Plaintiff filed a motion to modify the scheduling order (ECF No. 66), which was denied (ECF No. 68.)  Plaintiff's Exhibit 6 indicates that he served request on September 17, 2015.   Specifically, the Court denied Plaintiff's request to extend the discovery deadline.  Plainti8ff's Request No. 15 is untimely.  Plaintiff's motion to compel a response to Request No. 15 should be denied.

### E.  Request for In Camera Review

Plaintiff's motion compel production of confidential information was denied for the reasons set forth above.  Regarding Plaintiff's request for an in camera review and a protective order, in camera review, which are both burdensome and intrusive, are not conducted as a matter of routine, and they are not available to a litigant merely seeking some reassurance regarding an opposing party's discovery response.  See U.S. v. Zolin, 491 U.S. 554, 569-575 (1989); In re Grand Jury Investigation, 974 F.2d 1068, 1075 (9th Cir. 1992).  Plaintiff makes no argument that justifies a protective order or the disclosure of confidential information.  Plaintiff's motion for in camera review/and or a protective order should be denied.

### II.  Defendants' Motion to Compel Further Discovery Responses (ECF No. 72)

Defendants seek to compel further responses to Defendant Hampson's First Set Interrogatories 1-24 (excluding 19) and Request for Production of Documents 1, 2, 3, 4, 6, 19.

### A.  Interrogatories 1-24 (Excluding Interrogatory 19)

#### 1.  Interrogatory 1

Interrogatory 1:  "State all facts that support your claim that Defendant Fisher violated your Constitutional rights as alleged in your Third Amended Complaint."  Plaintiff objected on the ground that the request was overbroad as to scope and time and that it was unduly burdensome.  Without waiving these objections, Plaintiff "stands by the verified Third Amended Complaint and the stated allegations within."

Plaintiff's objection that the interrogatory is overbroad as to time and scope is overruled.  By the terms of the interrogatory, the time and scope is limited to the allegations in the Third

Amended Complaint. Plaintiff offers no explanation of how responding to the interrogatory is unduly burdensome. Plaintiff's reference to the allegations of the Third Amended Complaint is inappropriate. Plaintiff is required to provide an answer to the interrogatory that is complete in itself and should not refer to pleadings, or to depositions or other documents, or to other interrogatories. See Union Pac. R. Co., 229 F.R.D. 240, 243 (D.N.M. 2005); Davidson v. Goord, 215 F.R.D. 73, 77 (W.D.N.Y. 2003); Mulero-Abreu v. P.R. Police Dept, 675 F3d 88, 93 (1st Cir. 2012). Defendants' motion should be granted as to this interrogatory. Plaintiff is directed to amend his response to Interrogatory No. 1, without reference to any other document or pleading.

### 2. Interrogatory No. 2

Interrogatory No. 2: "Identify all witnesses (if the witness is an inmate include their CDCR number) that support your claim that Defendant Fisher violated your Constitutional rights, as alleged in your Third Amended Complaint." Plaintiff objected to the interrogatory as unduly burdensome. Plaintiff also indicates that the question was asked at his deposition and responded to. As noted above, the scope of the interrogatory is limited to the allegations in the Third Amended Complaint. For the reasons stated above, Plaintiff may not refer Defendant(s) to allegations in the Third Amended Complaint or to his deposition in order to avoid responding to interrogatories. Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 3. Plaintiff is directed to amend his response to Interrogatory No. 2.

### 3. Interrogatory No. 3

Interrogatory No. 3: "State all facts that support your claim that Defendant Hall violated your Constitutional rights as alleged in your Third Amended Complaint." Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 3. Plaintiff is directed to amend his response to Interrogatory No. 3.

### 4. Interrogatory No 4

Interrogatory No. 4: "Identify all witnesses (if the witness is an inmate include their CDCR number) that support your claim that Defendant Hall violated your Constitutional rights,

7

as alleged in your Third Amended Complaint. Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 4. Plaintiff is directed to amend his response to Interrogatory No. 3.

### 5. Interrogatory No. 5

Interrogatory No. 5: "State all facts that support your claim that Defendant Hampson (nee Rowell) violated your Constitutional rights as alleged in your Third Amended Complaint."

Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 5. Plaintiff is directed to amend his response to Interrogatory No. 5.

### 6. Interrogatory No. 6

Interrogatory No. 6: "Identify all witnesses (if the witness is an inmate include their CDCR number) that support your claim that Defendant Hampson (nee Rowell) violated your Constitutional rights, as alleged in your Third Amended Complaint." Plaintiff asserts the same objections as he did with Interrogatory No. 2, as well as an objection that the interrogatory is premature as Plaintiff continues to engage in discovery and research. Plaintiff indicates that he is providing declarations of witnesses in response to Defendant Rowell's Request for Production of Documents, Set One. As noted above, Plaintiff's responses to interrogatories must be complete in and of themselves, without reference to any other response to discovery. Plaintiff's objection that the discovery is premature is overruled. Plaintiff must respond to Interrogatory No. 6. If Plaintiff is aware of a witness, he must say so. If he is unaware of any witnesses, he must so indicate in his response. Defendants' motion to compel further responses to discovery is granted as to Interrogatory No. 6. Plaintiff is directed to amend his response to Interrogatory No. 6.

### 7. Interrogatory No. 7

Interrogatory No. 7: "State all facts that support your claim that Defendant Killen violated your Constitutional rights as alleged in your Third Amended Complaint." Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's

8

1 objections are overruled. Defendants' motion to compel further responses is granted as to
2 Interrogatory No. 7. Plaintiff is directed to amend his response to Interrogatory No. 7.

### 8. Interrogatory No. 8

Interrogatory No. 8: "Identify all witnesses (if the witness is an inmate include their CDCR number) that support your claim that Defendant Killen violated your Constitutional rights, as alleged in your Third Amended Complaint." Plaintiff asserts the same objections as he did for Interrogatory No. 6. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 8. Plaintiff is directed to amend his response to Interrogatory No. 8.

### 9. Interrogatory No. 9

Interrogatory No. 9: "State all facts that support your claim that Defendant Rodriguez violated your Constitutional rights, as alleged in your Third Amended Complaint." Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 9. Plaintiff is directed to amend his response to Interrogatory No. 9.

### 10. Interrogatory No. 10

Interrogatory No. 10: "Identify all witnesses (if the witness is an inmate include their CDCR number) that support your claim that Defendant Rodriguez violated your Constitutional rights, as alleged in your Third Amended Complaint." Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 10. Plaintiff is directed to amend his response to Interrogatory No. 10.

### 11. Interrogatory No. 11

Interrogatory No. 11: "State all facts that support your claim that Defendant Santoro violated your Constitutional rights as alleged in your Third Amended Complaint." Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 11. Plaintiff is directed to amend his response to Interrogatory No. 11.

**12. Interrogatory No. 12**

Interrogatory No. 12: "Identify all witnesses (if the witness is an inmate include their CDCR number) that support your claim that Defendant Santoro violated your Constitutional rights, as alleged in your Third Amended Complaint." Plaintiff asserts the same objections as he did for Interrogatory No. 6. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 12. Plaintiff is directed to amend his response to Interrogatory No. 12.

**13. Interrogatory No. 13**

Interrogatory No. 13: "State all facts that support your claim that Defendant Tolson violated your Constitutional rights as alleged in your Third Amended Complaint." Plaintiff responded to Interrogatory 13 by referring to the response given to Interrogatory No. 11, which is a verbatim response to Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 13. Plaintiff is directed to amend his response to Interrogatory No. 13.

**14. Interrogatory No. 14**

Interrogatory No. 14: "Identify all witnesses (if the witness is an inmate include their CDCR number) that support your claim that Defendant Tolson violated your Constitutional rights, as alleged in your Third Amended Complaint." Plaintiff responded to Interrogatory 14 by referring to the response given in to Interrogatory 12. In that response, Plaintiff asserts the same objections as he did for Interrogatory 6. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 14. Plaintiff is directed to amend response to Interrogatory No. 14.

**15. Interrogatory No. 15**

Interrogatory No. 15: "State all facts that support your claim that Defendants conspired to violate your Constitutional rights as alleged in your Third Amended Complaint." Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 15. Plaintiff is directed to amend his response to Interrogatory No. 15.

**16. Interrogatory No. 16**

Interrogatory No. 16: "Identify all witnesses (if the witness is an inmate include their CDCR number) that support your claim that Defendants conspired to violate your Constitutional rights, as alleged in your Third Amended Complaint." Plaintiff objected to this interrogatory on the ground that it is vague and repetitive. Plaintiff referred to his response to Interrogatory No. 12. Plaintiff's response to Interrogatory 12 is identical to his response to Interrogatory No. 6. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 16. Plaintiff is directed to amend his response to Interrogatory No. 16.

**17. Interrogatory No. 17**

Interrogatory No. 17: "Identify all inmate job assignments and/or positions, paid or unpaid, that you have been assigned from January 1, 2005, to the present, including the dates and the length you held each position." Plaintiff objects on the ground that it is unduly burdensome and repetitive. Plaintiff claims that Defendants themselves have produced this information. Plaintiff further objects that the information is equally available to Defendants and are legally entitled to review the information in Plaintiff's Central File. Defendants note that Plaintiff testified during his deposition that he had various objections to the information contained in his work assignment history, the very same document he claims to have provided in his responses, but did not actually attach. (Mayer Decl. ¶ 4.) Plaintiff is required to provide responses that are complete in themselves. See Union Pac. R. Co., 229 F.R.D. at 243; Davidson, 215 F.R.D. at 77; Mulero-Abreu, 675 F.3d at 93. Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 17. Plaintiff is directed to amend his response to Interrogatory No. 17.

**18. Interrogatory No. 18**

Interrogatory No. 18: "Identify the reason you were unassigned or reassigned from each job assignment and/or position listed in your response to Interrogatory No. 17." Plaintiff's objections to this interrogatory are the same as his objections to Interrogatory 17. The objections are overruled for the same reason. Defendants' motion to compel further responses should be

11

granted as to Interrogatory 18. Plaintiff is directed to amend his response to Interrogatory 18.

### 19. Interrogatory No. 20

Interrogatory No. 20: "Identify all witnesses (if the witness is an inmate include their CDCR number) that were present on January 27, 2011 when Defendant Rowell informed you "that she and Defendant Killen were well aware that [you were] preparing and planning to file a § 1983 lawsuit against them, and therefore it was necessary for her and other defendants to have a 'collusion between them,'"' as alleged in your Third Amended Complaint." Plaintiff objects on the ground that Defendants only provided him a redacted copy of the library attendance log in their discovery responses. Plaintiff indicates that the witness names and CDCR numbers were blacked out, preventing Plaintiff from responding to this interrogatory. Defendants note that the library logs Plaintiff refers to indicate that Plaintiff was not in the library on January 27, 2011, therefore, the redacted information should have no bearing on his ability to respond to this question. (Mayer Decl. ¶ 5.) Plaintiff also objects, as he did above, that the information was provided to defense counsel during his deposition. As noted, this is an improper objection, and is overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 20. Plaintiff is directed to amend his response to Interrogatory No. 20.

### 20. Interrogatory No. 21

Interrogatory No. 21: "Identify the 'other defendants' you allege Defendant Rowell colluded with, as alleged in Paragraph 8 of your Third Amended Complaint." Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 21. Plaintiff is directed to amend his response to Interrogatory No. 21.

### 21. Interrogatory No. 22

Interrogatory No. 22: "Describe with specificity any interaction or communication, written or verbal, you had with Defendant Fisher on July 13, 2011" Plaintiff asserts the same objection as he did for Interrogatory No. 2. For the same reasons, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Interrogatory No. 22. Plaintiff is directed to amend his response to Interrogatory No. 22.

**22.   Interrogatory No. 23**

Interrogatory No. 23: "Provide the name of the Officer that escorted you to the Facility D Library on December 17, 2011, as alleged in your Third Amended Complaint."  Plaintiff's response: "There were two (2) Correctional Officers that escorted Plaintiff and two other prisoners, however, at this time Plaintiff can only provide one of the two Officers' names, which Defendant Killen herself named in one of her numerous retaliatory CDC 128-A Disciplinary Chronos dated December 17, 2011.  Correctional Officer D. Espinoza.  Defendant Killen herself may be able to provide the other Officers name if asked by Counsel."  The burden of providing information responsive to this request is on Plaintiff.  Plaintiff must respond fully and completely to the interrogatory.  Defendants are entitled to discover what Plaintiff claims will support his allegations.  Plaintiff is reminded that he must supplement his interrogatory responses if relevant information is subsequently discovered.  Fed. R. Civ. P. 12(e)(1)(A).  Plaintiff's objections are overruled as to Interrogatory No. 23.  Defendants' motion to compel further responses is granted as to Interrogatory No. 23.   Plaintiff is directed to amend his response to Interrogatory No. 23.

**23.   Interrogatory No. 24**

Interrogatory No. 24: "Provide the names of each housing unit staff that searched your cell and confiscated your personal property on December 27, 2011, based on orders from Defendant Killen, as alleged in Paragraph 23 of your Third Amended Complaint."  Plaintiff responds that the information is available to Defendants by looking through his housing unit records or by asking Defendant Killen.  As noted above, Plaintiff may not shift the burden of response to Defendants.  For the reasons the Court overruled Plaintiff's objections to Interrogatory No. 23, it does so here.  Defendants' motion to compel further responses is granted as to Interrogatory No. 24.  Plaintiff is directed to amend his response to Interrogatory No. 24.

**B. Defendant Killen's Interrogatories**

Defendants contend that Plaintiff responded to only one of Defendant Killen's Interrogatories.  In his opposition, Plaintiff refers to Defendants' Exhibit C to their motion to compel (ECF No. 72-3.)  Exhibit C indicates that Plaintiff responded to Defendant Killen's Interrogatory No. 1.  That interrogatory sought the names of the two correctional officers that

escorted Plaintiff to the Delta Facility Library on December 17, 2011, as alleged in the Third Amended Complaint.  Plaintiff objected on the ground that the same question was answered in Defendant Hampson's First Set of Interrogatories, Number 23.   Plaintiff also objects on the ground that Defendant Killen could find the information herself in one of the disciplinary chronos she authored.    Without waiving objections, Plaintiff identified one of the officers.  Regarding the remaining interrogatories, Plaintiff offers no argument that excuses his request to respond to them.  Defendants' motion should therefore be granted.  Plaintiff must respond to all of Defendant Killen's interrogatories, and may not object on any of the grounds that he did in Interrogatory No. 1.  Plaintiff has the burden of asserting a valid objection of providing an answer under oath.  Fed. R. Civ. P. 33(b)(3).  That the information could be found elsewhere, or has been asked by another Defendant,  is not a valid objection.  Defendants' motion to compel further responses to Defendant Killen's interrogatories is granted.  Plaintiff must respond to all of Defendant Killen's interrogatories.

**C. Requests For Production of Documents**

Defendants seek responses to Request for Production of Documents Nos. 1, 2, 3, 4, 6, 19.

**1.    Request No. 1**

Request No. 1 seeks "any and all inmate appeals, 602s, grievances, or other documents related to the claims in your lawsuit."  Plaintiff objects on the grounds that the request is overbroad and compound as to the scope and vague as to "other documents," and consists of up to or more than a thousand pages.  Plaintiff also refers Defendants to his Central File.  Plaintiff's objections are overruled.  The scope of the request is limited to the allegations in the Third Amended Complaint.  A list of all of Plaintiff's inmate appeals does not disclose which of these appeals Plaintiff claims are relevant to the claims in this lawsuit.   Plaintiff is obligated to produce responsive documents or identify the responsive documents and where they are located.  Fed. R. Civ. P. 34(b)(2)(B).    A simple reference to Plaintiff's Central File is not responsive to the request.  Defendants' motion compel further responses is granted as to Defendants' Request for Production of Documents No. 1.  Plaintiff is directed to amend his response to Request for Production of Documents No. 1.

**2. Request No. 2**

Request No. 2 seeks "any and all letters, responses to any of your letters, grievances, or inmate appeals submitted in connection with the subject matter of this lawsuit." Plaintiff objects on the ground that's that the documents are considered confidential as "work product" and as correspondence with a member or members of the Bar. Plaintiff also refers the Court to Plaintiff's Central File. Defendants correctly note that the work product doctrine protects documents prepared in anticipation of litigation or for trial, by or for the party, such as, trial preparation that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews. Fed. R. Civ. P. 16(b)(3); Hickman v. Taylor, 329 U.S. 495, 511 (1947). Defendants, and the court, cannot assess the validity of whether particular relevant documents were generated solely for the purpose of litigation because Plaintiff did not identify and describe the documents in a privilege log, as required by Fed. R. Civ. P. 26(b)(5). Plaintiff's argument that documents are somehow privileged because he sent them to a member of the state bar is without merit. Hickman, 329 U.S. at 511. Defendants' motion to compel a response to Request No. 2 is granted. Plaintiff is directed to either produce the requested documents or produce a privilege log describing the documents in a manner that will enable Defendants to assess the claim. Fed. R. Civ. P., 26(b)(5)(A)(ii).

**3. Request No. 3**

Request No. 3 seeks "any and all documents that support your claim that the Defendants individually or jointly violated your Constitutional rights." Plaintiff argues that the request is vague and overbroad in scope. As with the Plaintiff's other requests, this objection is overruled. The scope of the request is limited to the allegations of the Third Amended Complaint. Plaintiff also refers to Defendants to the Third Amended Complaint. For the reasons stated above, Plaintiff's objections are overruled. Defendants' motion to compel further responses is granted as to Request No. 3. Plaintiff is directed to file an amended response to Request for Production of Documents No. 3.

**4. Request No. 4**

Request No. 4 seeks "any and all documents that support your claim that Defendants

1 conspired to violate your civil rights." Plaintiff's objection is identical to his objection to
2 Request No. 3. The objections are overruled for the same reasons. Defendants' motion to
3 compel further responses is granted as to Request No. 4. Plaintiff is directed to file an amended
4 response to Request for Production of Documents No. 4.

### 5. Request No. 6

6 Request No. 6 seeks "all personal notes, diaries, journals, or calendars referencing the
7 subject matter of this lawsuit from July 1, 2010 to the present." Plaintiff objects that the request
8 is overbroad and compound, and seeks production of documents that are deemed confidential
9 under the work product doctrine. For the reasons stated in Request No. 2, Plaintiffs' objections
10 are overruled. Defendants' motion to compel a further response to Request No. 6 is granted.
11 Plaintiff is directed to either produce the requested documents or produce a privilege log
12 describing the documents in a manner that will enable Defendants to assess the claim. Fed. R.
13 Civ. P., 26(b)(5)(A)(ii).

### 6. Request No. 19

15 Request No. 19 seeks "all documents supporting your contention that you had a
16 conversation with Inmate Berry on the evening of February 3, 2012." Plaintiff's response
17 follows: "Plaintiff objects to defendants' wording of 'contention' as the allegation is fact.
18 Plaintiff further objects on the grounds that defendants are making an assumption." Defendants
19 correctly argue that Plaintiff's objection to Request No. 19 is not a valid objection. If Plaintiff is
20 in possession of documents responsive to this request, he must produce them. If he does not, he
21 should so respond. Fed. R. Civ. P. 37(a)(3)(B)(iv). Plaintiff's objections are overruled.
22 Defendants' motion to compel a further response to Request No. 19 is granted. Plaintiff is
23 directed to amend his response to Request for Production of Documents No. 19.

### III. Modification of Scheduling Order

25 Defendants seek a modification of the dispositive motion filing deadline on the ground
26 that they require Plaintiff's supplemental responses to their discovery requests in order to prepare
27 a dispositive motion. Good cause appearing, Defendants' request is granted.
28 Accordingly, IT IS HEREBY ORDERED that:

16

1. Plaintiff's motion to compel and for in camera review (ECF No. 69) is DENIED;
2. Defendants' motion to compel further discovery responses (ECF No. 72) is GRANTED. Plaintiff shall respond to Defendants Hampson's First Set of Interrogatories 1-24 (excluding 19), Defendant Killen's First Set of Interrogatories, and Defendants' Request For Production of Documents 1, 2, 3, 4, 6, 19 within 45 days of the date of service of this order;
3. Discovery in this matter is otherwise closed; and
4. Defendants' motion to modify the scheduling order  (ECF No. 72) is GRANTED. The dispositive motion filing deadline is extended to March 16, 2016.

IT IS SO ORDERED.

Dated:   **December 11, 2015**

UNITED STATES MAGISTRATE JUDGE