# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>Plaintiff,<br><br>v.<br><br>S. KILLEN, et al.,<br><br>Defendants. | Case No. 1:11-cv-01179-DAD-SAB-PC<br><br>ORDER RE MOTION FOR EXTENSION OF TIME (ECF NO. 90), MOTION TO CONTINUE THE MOTION FOR SUMMARY JUDGMENT (ECF NO. 95), MOTION TO STRIKE DECLARATION (ECF NO. 100), MOTION TO ALLOW PLAINTIFF TO SUBMIT SIGNED DECLARATION (ECF NO. 106), DEFENDANTS' MOTION TO FILE OMITTED DECLARATION AND DECLARATION SIGNATURE PAGE (ECF NO. 107) |

Plaintiff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion to extend time to file opposition to the motion for summary judgment filed on July 29, 2016 (ECF No. 94), Plaintiff's motion to continue the motion for summary judgment filed on July 29, 2016 (ECF No. 95), Plaintiff's motion to strike declarations filed on September 19, 2016 (ECF No. 100), Plaintiff's motion to allow Plaintiff to submit a signed declaration filed on September 21, 2016, (ECF No. 106), and Defendants' motion to file omitted declarations filed on September 23, 2016. (ECF No. 107).

## I.

## MOTION FOR EXTENSION OF TIME

On July 29, 2016, Plaintiff filed a motion to extend time to file an opposition to Defendants' motion for summary judgment. On September 19, 2016, Plaintiff filed an

1

opposition to the motion. (ECF No. 101.)  The Court, having considered Plaintiff's motion, grants Plaintiff's request and deems the opposition filed on September 19, 2016, to be timely filed.  Plaintiff's motion for extension of time filed on July 29, 2016, is granted, nunc pro tunc, to September 19, 2016.

## II.

## MOTION TO CONTINUE

On July 29, 2016, Plaintiff also filed a motion to continue the motion for summary judgment pursuant to Fed. R. Civ. P. 56(d).  (ECF No. 95.)  On September 12, 2016, Defendants filed opposition to Plaintiff's motion. (ECF No. 99.)  Plaintiff seeks a continuance to of the motion for summary judgement to obtain discovery regarding certain statements contained in Defendants' motion for summary judgment.

Fed. R. Civ. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information along with the basis for believing that the information actually exists and must demonstrate both that the evidence sought actually exists and that it would prevent summary judgment.  Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

Plaintiff indicates, though not in affidavit form, that he seeks "relevant documentation via discovery from Defendants that support [their] new allegations[s.]"  Plaintiff does not set forth the specific facts he seeks, but states that he seeks the following documentation:  documentation that a certain Library Technical Assistant ("LTA") was not providing appropriate supervision of Plaintiff; documents about Defendant Hampson's statements that Plaintiff was manipulative and made her uneasy; Rules Violation Reports that were issued to any inmate for possession of pornography on Facility D, before and after Plaintiff was removed from his library position; a

fire evacuation floor plan for SATF's medical clinic; and documents regarding "illegal activities" by Defendants.

### A. Request for Documents Regarding LTA Mandel

Plaintiff requests that discovery be re-opened so he can "obtain relevant documentation from Defendants that support the allegation that LTA was not providing appropriate supervision of Plaintiff." (ECF No. 95 at 2:16-18.) Defendants note that Plaintiff has not proffered sufficient facts to show that the evidence sought exists, or that it would prevent the Court from granting summary judgment. Defendants indicate that they presented a fact, under penalty of perjury, that LTA Mandel was moved from the Facility D library to another facility because, among other reasons, he "was not providing appropriate supervision of the inmate library clerks." (ECF No. 90-3 at 3:4-5.) Plaintiff offers no reason why he needs documentation regarding his own supervision, which he can attest to, and makes no showing that such documentation would preclude summary judgment. Plaintiff's motion is therefore denied as to this request.

### B. Request for Documents Regarding Defendant Hampson's Statements

In support of the motion for summary judgment, Defendant Hampson declared under penalty of perjury that she found Plaintiff to be "manipulative, and he made [her] uneasy." (ECF No. 90-8 at 3:1.) Plaintiff requests "relevant documentation via discovery from Defendants that support his new allegation." (ECF No. 95 at 2:23.) Plaintiff has not proffered any facts that any such documentation exists, and if it did, how it would preclude summary judgment. Defendants note that Plaintiff is in possession of a February 15, 2011, CDC 128-B Informational Chrono authored by Defendant Hampson that chronicles Plaintiff's manipulative behavior. This document is contained in Plaintiff's central file, and was also provided to Plaintiff during discovery. (DEF POD 0299). Defendants also indicate that Plaintiff produced this document to Defendants in response to their discovery requests, and it was attached to Defendant Hampson's declaration in support of Defendants' summary judgment motion. (ECF No. 90-8 at 10.) Plaintiff has not shown that any other such documentation exists.

Plaintiff also seeks documentation to obtain further discovery about the "allegation" that

1  after Plaintiff was removed from his Facility D library clerk position, Defendant Hampson was
2  informed that "the number of copies of confiscated pornography had gone down significantly."
3  (ECF No. 90-8 at 3:15-18.) Plaintiff fails to explain how this information, even if this
4  documentation existed, would preclude summary judgment on the issue that he was removed
5  from his library clerk position for non-retaliatory issues. Plaintiff's motion is therefore denied as
6  to this request.

### C. Documents About Plaintiff's Possible Involvement in Illegal Activities

Plaintiff seeks to re-open discovery in order to receive a confidential Fire Evacuation Floor Plan of SATF's medical clinic in order to show that "Defendants' witness (Waymon Berry) made false statements . . ." (ECF No. 95 at 4:5-7.) Defendants argue that a floor plan would not call into dispute Mr. Berry's testimony that he had no conversation with Plaintiff during the time Plaintiff was in SATF's medical clinic, and that they never had a conversation regarding the reasons Plaintiff was placed in Administrative Segregation in January 2012. (ECF No. 90-5 at 3:3-9.) Plaintiff has failed to show how re-opening discovery to obtain this confidential floor plan would preclude summary judgment. Plaintiff's motion is therefore denied as to this request.

### D. Documents About Plaintiff's Possible Involvement in Illegal Activities.

Plaintiff seeks to re-open discovery in order to obtain "relevant documents and or responses to interrogatories regarding the alleged 'illegal activities' purported by Defendants." (ECF No. 95 at 4:25-27.) Plaintiff refers to Defendant Tolson's declaration and an attached copy of Plaintiff's January 8, 2012, confidential information disclosure form. (ECF No. 90-12 at 10.) This form states, "initial information indicated your possible involvement with illegal activities, i.e. drugs, etc. . . ." (Id.) Defendants argue that their motion is replete with reasons Plaintiff was placed in Administrative Segregation in January 2012, and this document provides just one justification for that placement. Defendants further argue that Plaintiff has access to his own central file and he admits that he has "over five cubic feet" of documents related solely to this case, (ECF No. 92 at 2:22-23), and has the ability to obtain this, or any non-confidential document regarding the reasons he was placed in Administrative Segregation in January 2012.

1  Defendants note that during the nearly year-long discovery period, Plaintiff could have
2  propounded discovery requests regarding this document and what "illegal activities" it referred
3  to, but did not.  Further, Plaintiff has failed to show how re-opening discovery to obtain this
4  information would preclude summary judgment, and Plaintiff's motion should therefore be
5  denied as to this request.

6  Where a plaintiff has not been diligent in seeking discovery, the Court should deny a
7  request for further discovery under Rule 56(d).  California Union Ins. Co. v. American
8  Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).  "When a party requests a Rule
9  56[d] continuance after the discovery completion date prescribed in a Rule 16 scheduling order,
10 that party must also demonstrate "good cause" exists under Rule 16(b) to conduct further
11 discovery."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

12 As Defendants argue, the Court finds that Plaintiff did not diligently seek the information
13 he now claims to need.  Discovery in this matter opened in November 2014 and closed on
14 October 15, 2015. (ECF Nos. 42, 55.)  Plaintiff did not seek the discovery at issue in this motion
15 until July 29, 2016, more than nine months after discovery closed and almost two months after
16 Defendants' motion for summary judgment was filed.

17 Further, Plaintiff does not show what information or documents he believes exist, nor
18 does he demonstrate such documents would prevent summary judgment.  Plaintiff's desire to re-
19 open discovery, of itself, does not entitle him to relief under Rule 56(d).  Naoko Ohno v. Yuko
20 Yasuma, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must
21 be based on more than mere speculation).  Plaintiff has not shown due diligence, or good cause
22 why discovery should be re-opened in this case.  For these reasons, Plaintiff's motion to continue
23 ruling on the motion for summary judgment is denied.

24 **III.**

25 **MOTIONS TO STRIKE AND TO FILE DECLARATION SIGNATURE PAGE**

26 On September 19, 2016, Plaintiff filed a motion to strike the declaration of Defendant
27 Hampson on the ground that the declaration was not signed. (ECF No. 100.)  On September 23,
28 2016, Defendants filed a motion to file the omitted declaration of and declaration signature page

5

1  nunc pro tunc, and an opposition to Plaintiff's motion to strike.  (ECF No. 107.)  On October 7,
2  2016, Plaintiff filed a reply, and opposition to Defendants' motion to file the omitted declaration
3  and declaration signature page.  (ECF No. 110.)  Defendants' opposition is supported by the
4  declaration of counsel.  Counsel declares that on September 20, 2016, she learned that Defendant
5  Hampson's declaration in support of Defendants' summary judgment motion was filed without
6  her signature and that Correctional Counselor I D. Hanson's entire declaration and supporting
7  exhibits were inadvertently omitted.

8        Defendants correctly argue that a court's nunc pro tunc power "is a limited one, and may
9  be used only where necessary to correct a clear mistake and prevent injustice."  United States v.
10 Sumner, 226 F.3d 1005, 1010 (9th Cir. 2000) (quotation marks and citations omitted).  "It does
11 not imply the ability to alter the substance of that which actually transpired or to backdate events
12 to serve some other purpose.  Rather, it's use is limited to making the record reflect what the
13 district court actually intended to do at an earlier date, but which it did not sufficiently express or
14 did not accomplish due to some error or inadvertence."  Id. (quotation marks and citations
15 omitted).  In other words, "a nunc pro tunc order is typically used to correct clerical or
16 ministerial errors," but as a general rule does not enable a court to make "substantive changes
17 affecting parties' rights," Transamerica Ins. Co. v. South, 975 F.2d 321, 325 (7th Cir. 1992), or
18 to "rewrite history," Cent. Laborers' Pension, Welfare & Annunity Funds v. Griffee, 198 F.3d
19 642, 644 (7th Cir. 1999).  Defendants further note that in conjunction with nunc pro tunc
20 principles, Federal Rule of Civil Procedure 56(e) states that "if a party fails to properly support
21 an assertion of fact . . .as required by Rule 56(c), the court may: (1) give an opportunity to
22 properly support or address the fact."  Fed. R. Civ. P. 56(e).  Here, the Court finds that
23 Defendants have properly supported their assertions of fact; however, through a clerical error,
24 certain documents supporting particular facts were unintentionally omitted.  (Mayer Decl. ¶ 4.)
25 Plaintiff's motion to strike the declaration of Defendant Hampson is therefore denied, and
26 Defendants' motion to file the omitted declaration and declaration signature page is granted.

27       On September 21, 2016, Plaintiff filed a motion to allow Plaintiff to submit a signed
28 declaration to replace the unsigned declaration of Plaintiff submitted as Exhibit 1 to his

opposition to the motion for summary judgment. (ECF No 106.) Plaintiff indicates that he inadvertently failed to sign the declaration, and attaches to his motion a signed declaration. For the same reasons noted above, Plaintiff's motion is granted. Plaintiff's signed declaration submitted on September 21, 2016, will be considered as Exhibit 1 to Plaintiff's opposition to the motion for summary judgment filed on September 19, 2016.

## IV.

## ORDER

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 94) is GRANTED nunc pro tunc to September 19, 2016;
2. Plaintiff's motion to continue the motion for summary judgment (ECF No. 95) is DENIED;
3. Plaintiff's motion to strike the declaration of Defendant Hampson (ECF No. 100) is DENIED;
4. Plaintiff's motion to allow Plaintiff to submit a signed declaration (ECF No. 106) is GRANTED; and
5. Defendants' motion to file omitted declaration and signed declaration page (ECF No. 107) is GRANTED.

IT IS SO ORDERED.

Dated: **October 19, 2016**

UNITED STATES MAGISTRATE JUDGE