# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. KILLEN, et al.,<br><br>　　　　Defendants. | Case No.  1:11-cv-01179-DAD-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF NO. 85)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

　　　　Plaintiff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's motion for injunctive relief, filed April 11, 2016.  (ECF No. 85.)

　　　　Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Substance Abuse Treatment Facility at Corcoran (SATF), is proceeding in this action against Defendant correctional officials employed by CDCR at SATF

1

1  on his claims of retaliation and conspiracy to retaliate against Plaintiff.  Plaintiff seeks an order
2  from the Court directing Defendants to return certain items of Plaintiff's legal property.  Plaintiff
3  indicates that he was transferred from SATF to the R.J. Donovan Correctional Facility (RJDCF),
4  and then back to SATF.  Plaintiff indicates that he was informed that two large file boxes of legal
5  documents had been sent to Plaintiff at RJDCF, and have yet to be returned to him at SATF.
6  Plaintiff states that the boxes were shipped before he had the opportunity inspect the boxes.
7  Plaintiff indicates that although discovery in this matter is closed, the two boxes "may in fact
8  contain evidence that will be used to defeat any summary judgment motion filed by Defendants."
9  (ECF No. 85, at 2:27-3:3.)

10  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
11  must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95,
12  102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State,
13  Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before
14  it, it has no power to hear the matter in question.  Lyons, 461 U.S. at 102.  Thus, "[a] federal
15  court may issue an injunction [only] if it has personal jurisdiction over the parties and subject
16  matter jurisdiction over the claim; it may not attempt to determine the rights of persons not
17  before the court."  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

18  The pendency of this action does not give the Court jurisdiction over prison officials in
19  general.  Summers v. Earth Island Institute, 555 U.S. 488, 491-93 (2009); Mayfield v. United
20  States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this
21  action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at
22  491-93; Mayfield, 599 F.3d at 969.  Further, requests for prospective relief are further limited by
23  18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court
24  find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the
25  violation of the Federal right, and is the least intrusive means necessary to correct the violation
26  of the Federal right."

27  This action is proceeding on Plaintiff's third amended complaint filed on November 22,
28  2013 against Defendants Suzanne Killen, Velva Rowell, Brad Hall, Michael Fisher, Lieutenant

F. A. Rodriguez, Kelly Santoro, and Captain Randy Tolson for retaliation, and against defendants Suzanne Killen, Velva Rowell, Brad Hall, Lieutenant F. A. Rodriguez, Kelly Santoro, and Captain Randy Tolson for conspiracy to retaliate against Plaintiff.  By this motion, Plaintiff seeks to have the Court intervene and order CDCR to provide him with two boxes of his personal and legal property.  Plaintiff states that the boxes were confiscated before he had the opportunity to inspect them.  He contends that they might contain information relevant to this action.

The relief requested by Plaintiff is not related to the underlying claims that Defendants retaliated against him.  Since the relief sought would not remedy the violation of the Federal right at issue here, the Court cannot grant the requested relief and Plaintiff's motion for equitable relief should be denied.  Further, while Plaintiff seeks the documents to respond to Defendants' motion for summary judgment.  He has been granted several extensions of time due and has now filed his opposition to the motion.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B).  Within **thirty (30)** days after being served with these finding and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v.</u> Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 19, 2016**

_____
UNITED STATES MAGISTRATE JUDGE

3