**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DANIEL MASTERSON, | ) | No.  1:11-cv-01179-DAD-SAB (PC) |
| Plaintiff, | ) ) | ORDER SETTING EVIDENTIARY HEARING |
| v. | ) ) | TO DETERMINE AUTHENTICITY OF DECLARATIONS AND ON CROSS- |
| S. KILLEN, et al., | ) ) | MOTIONS FOR SANCTIONS |
| Defendants. | ) ) | (ECF Nos. 118, 123) |
| | ) ) | ***Hearing Date:*** |
| | ) ) | February 15, 2017, at 10:30 a.m. in Courtroom 9 (SAB) |
| | ) | |

**I.**

**INTRODUCTION**

Plaintiff Daniel Masterson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 10, 2016, Defendants filed a motion for summary judgment in this case. (ECF No. 90.) Following some extensions of time, on September 19, 2016, Plaintiff filed an opposition with support. (ECF Nos. 100, 101, 102, 103, 105, 105.) Following some extensions of time and certain additional submissions, on December 2, 2016, Defendants filed a reply in support of their motion for summary judgment. (ECF No. 117.)

Among the arguments in their reply brief, Defendants assert that Plaintiff submitted forged and fraudulent declarations in support of his opposition to their motion for summary judgment. (ECF No.

1

117, pp. 2, 12-13.) Specifically, Defendants argue that Plaintiff filed two declarations ostensibly from inmate Jaymes Thomas McCollum, (ECF No. 100, at pp.177-178, 202-204), that are "complete fabrications and were [neither] written nor signed by inmate Jaymes Thomas McCollum," (ECF No. 117, at p. 12 (citing Decl. of Counsel in Support of Defs.' Reply, ECF No. 117-2, ¶ 6, Ex. A).) Defendants further argue that a third declaration Plaintiff filed, ostensibly from former inmate Daniel Womack, is false as well. (ECF No. 117, at p. 13.) Defendants moved to strike the allegedly false and fraudulent declarations.

On December 14, 2016, Defendants moved for an order requiring Plaintiff to show why he should not be sanctioned for preparing and filing the allegedly false declarations of Mr. McCollum and Mr. Womack. Defendants further requested a show cause hearing, and an order directing the transportation of Plaintiff and Mr. McCollum to the court for that hearing. (ECF No. 118.) Deputy Attorney General Michelle M. Mayer, then-defense counsel, submitted a declaration in support of the motion for an order to show cause, declaring that Mr. McCollum attested that the declarations Plaintiff submitted are false, with a hand-written and signed declaration purporting to be from Mr. McCollum attached. (ECF No. 118-2 ¶ 5.) Then-counsel further declared that she had been unsuccessful in attempting to speak with Mr. Womack, but she had nevertheless determined Mr. Womack's declaration submitted by Plaintiff was false and fraudulent because it concerned a conversation in the institution's law library when that institution was on lockdown with no library access. (Id. at ¶6.) Defendants argue that dismissal should be imposed as a sanction against Plaintiff for his alleged misconduct, as well as monetary sanctions to reimburse Defendants for their fees and costs in drafting their reply and objections to the allegedly false declarations, as well as for any further defense of this litigation.

That same day, Plaintiff filed a motion to stay the proceedings in this matter, to appoint a handwriting expert, or for an extension of time in the alternative. (ECF No. 120.) Plaintiff contests the allegations in Defendants' reply brief that he had submitted forged and fraudulent declarations, seeks a stay in the proceedings to resolve this matter, seeks the appointment of a court-ordered handwriting expert to assist in resolving the issue, or seeks an extension of time so that he may obtain his own handwriting expert.

On December 16, 2016, Deputy Attorney General Michelle M. Mayer was removed from the list of defense counsel for service in this case, and current defense counsel was substituted. (ECF No. 119.) On December 21, 2016, Defendants responded to Plaintiff's motion, opposing his request for a court-ordered handwriting expert, but agreeing that the allegations that Plaintiff submitted forged and fraudulent declarations should be resolved before the case proceeds. (ECF No. 121.)

On December 27, 2016, Plaintiff moved for leave to file a sur-reply to Defendants' reply in support of their motion for summary judgment, moved for limited discovery concerning the false declarations allegations, and requested an in-camera review by the Court. (ECF No. 122.)

A few days later, on January 3, 2017, Plaintiff filed a motion for an order to show cause why sanctions should not be imposed and requesting a show cause hearing, asserting that former defense counsel, Ms. Mayer, knowingly submitted a declaration that included false information, to perpetrate a fraud upon the Court. (ECF No. 123, pp. 3-4.) Specifically, Plaintiff alleges that Ms. Mayer's declaration stating that Mr. Womack's declaration is false, is itself a knowingly false declaration. Plaintiff further alleges that Ms. Mayer "obviously attempt[ed] to distort the signature by McCollum on the declaration filed by Mayer." (Id. at p. 6.) Plaintiff argues that Defendants' motion for summary judgment should be denied in full as a sanction for Ms. Mayer's alleged misconduct. That same day, Plaintiff also filed a statement of non-opposition to Defendants' request for a show-cause hearing, with a supporting declaration and exhibits concerning these matters. (ECF No. 124.)

On January 18, 2017, Defendants filed an opposition to Plaintiff's December 27, 2016 request for leave to file a sur-reply in opposition to Defendants' motion for summary judgment, and his request for discovery concerning the false declaration allegations. (ECF No. 126.)

On January 25, 2017, Defendants filed a brief response to Plaintiff's January 3, 2017 motion for an order to show cause, agreeing that the Court should hold an evidentiary hearing in this matter regarding the false declaration allegations and to determine whether sanctions should be imposed. (ECF No. 127.)

///

///

///

3

## II.

## DISCUSSION

The parties numerous submissions on this matter are briefly summarized above, and although they are not described in detail, as always the Court has thoroughly analyzed and considered all of the submissions. Omission of reference to a specific argument or document is not to be construed to the effect that this Court did not consider that matter.

Although a formal stay of proceedings is not required at this time, the Court agrees with the parties that this case cannot move forward until the disputed issues here are resolved. The Court further finds that a hearing is necessary to resolve the evidentiary disputes in this matter, as well as the cross-motions seeking sanctions.

Pursuant to Local Rule 230(l), that hearing is set for February 15, 2017 at 10:30 a.m. in Courtroom 9. Separate orders and writs of habeas corpus ad testificandum will issue to order the presence of Plaintiff and inmate McCollum for that hearing. Defense counsel shall make former-defense counsel, Ms. Michelle M. Mayer, present for the hearing. Defendants may subpoena Mr. Womack for the hearing, if they wish.

Due to the nature of the allegations, the Court finds that an in-camera review of inmate McCollum's central file is necessary in preparation for the hearing. As a result, defense counsel will be ordered to provide inmate McCollum's central file to the Court for in-camera review on or before February 8, 2017. To the extent that Plaintiff is requesting that a copy of inmate McCollum's central file for his personal review, that request is denied, because of the safety, security, and privacy concerns noted by Defendants in their opposition to that request.

Plaintiff's request for a court-appointed handwriting expert is denied. Although a court has the discretion to appoint an expert witness pursuant to Rule of Evidence 706 under certain circumstances, "[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." Trimble v. City of Phoenix Police Dept., Case No. 04-0745-PHX-PGR, 2006 WL 778697, at *2 (D. Ariz. 2006) (citation omitted). Here, Plaintiff does not seek the appointment of a neutral expert to aid the trial of fact to determine an evidentiary or fact issue, but rather seeks the expert "to prove all three signatures on all three declarations signed by inmate Jaymes

Thomas McCollum are in fact made by the same person." (ECF No. 120, p. 3.) The Court will not grant this request for an expert to help Plaintiff present his case. Furthermore, although Plaintiff does not expressly withdraw his request for an appointed handwriting expert, he asserts in his December 27, 2016 filing that an expert should not be required to compare the signatures at issue here. (ECF No. 122, pp. 4-5.)

Finally, the Court notes that this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302, following Defendants' declination to proceed before a United States Magistrate Judge for all proceedings in this case. (ECF No. 40.) Plaintiff has previously consented to proceeding before a United States Magistrate Judge for all purposes. (ECF No. 6.) The parties are advised that this reminder is for informational purposes only, and that no

The parties seek sanctions for allegedly fraudulent conduct, but this Court's ability to impose any sanctions it determines are appropriate in this case is limited. Specifically, if the Court determines that a dispositive ruling or evidentiary sanction is appropriate, the effect or imposition of any such recommended sanction will be within the discretion of the trial judge who ultimately presides over this matter. Under the current status of this action, the findings and recommendations made as a result of this hearing will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B).

### III.

### CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.      The parties cross-motions for an order to show cause and for sanctions shall be set for hearing on **February 15, 2017, at 10:30 a.m.**, in Courtroom 9;

2.      Separate orders and writs of habeas corpus ad testificandum will issue concurrently with this order to obtain the presence of Plaintiff and inmate McCollum for that hearing;

3.      Defense counsel shall make former-defense counsel, Ms. Michelle M. Mayer, present for the hearing. Defendants are authorized to subpoena Mr. Womack for the hearing, if they wish;

4.      Defense counsel is ordered to provide inmate McCollum's central file to the Court for in-camera review on or before **February 8, 2017**; and

5.      Plaintiff's request for a court-appointed handwriting expert is denied.

IT IS SO ORDERED.

Dated:   **January 26, 2017**

_____
UNITED STATES MAGISTRATE JUDGE