1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **EASTERN DISTRICT OF CALIFORNIA**
10

11   DANIEL MASTERSON,                    )    No.  1:11-cv-01179-DAD-SAB (PC)
                                          )
12              Plaintiff,                )    FINDINGS AND RECOMMENDATIONS
                                          )    REGARDING CROSS-MOTIONS FOR
13        v.                              )    SANCTIONS
                                          )
14   S. KILLEN, et al.,                   )
                                          )    (ECF Nos. 118, 120, 122, 123)
15              Defendants.               )
                                          )    **THIRTY-DAY DEADLINE**
16                                        )
                                          )
17   _____    )

18        Plaintiff Daniel Masterson is appearing pro se and in forma pauperis in this civil rights action

19   pursuant to 42 U.S.C. § 1983. This case proceeds against Defendants Killen, Hampson, Hall, Fisher,

20   Rodriguez, Santoro, and Tolson for retaliation in violation of the First Amendment, and against

21   Defendants Killen, Hampson, Hall, Rodriguez, Santoro, and Tolson for conspiracy to retaliate against

22   Plaintiff. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local

23   Rule 302.[1]

24        Currently before the Court are the parties' cross-motions for an order to show cause why

25   sanctions should not be imposed. (ECF Nos. 118, 123.) The Court held an evidentiary hearing on this

26   matter on February 15, 2017. (ECF No. 139.) Plaintiff appeared pro se, and Misha D. Igra appeared on

27

28   _____
     [1] Defendant Hampson was sued under her former name, "Velva Rowell."

behalf of Defendants. Plaintiff testified on his own behalf. Jaymes Thomas McCollum and Michelle M. Mayer testified on behalf of the Defendants.

## I.

## PROCEDURAL HISTORY

The procedural history of this matter leading up to the February 15, 2017 hearing is set forth in detail in this Court's January 16, 2017 order. The Court assumes familiarity with that order and the prior proceedings, and only briefly summarizes them here.

On June 10, 2016, Defendants filed a motion for summary judgment in this case. (ECF No. 90.) On September 19, 2016, Plaintiff filed an opposition, with support. (ECF Nos. 100, 101, 102, 103, 105.)

On December 2, 2016, Defendants filed a reply to Plaintiff's opposition. (ECF No. 117.) Among the arguments in their reply brief, Defendants assert that Plaintiff submitted forged and fraudulent declarations in support of his opposition. (ECF No. 117, pp. 2, 12-13.) Defendants moved to strike the allegedly false and fraudulent declarations.

On December 14, 2016, Defendants moved for an order requiring Plaintiff to show cause why he should not be sanctioned for preparing and filing the allegedly false declarations. Defendants further requested a show cause hearing. (ECF No. 118.) Former Deputy Attorney General Michelle M. Mayer, who was defense counsel at that time, submitted a declaration in support of the motion for an order to show cause. (ECF No. 118-2.) Defendants argue that, pursuant to Federal Rules of Civil Procedure 11 and 56(h), Local Rule 110, and the inherent authority of the Court, Plaintiff's action should be terminated as a sanction, and Defendants should further be awarded monetary sanctions against Plaintiff as reimbursement for certain fees and costs.[2]

On December 14, 2016 Plaintiff filed a motion to stay the proceedings in this matter to resolve the dispute regarding the declarations, which he contends were not false or fraudulent. (ECF No.

---

[2] On December 16, 2016, Ms. Mayer was removed from the list of defense counsel for service in this case, and the current defense counsel was substituted. (ECF No. 119.)

2

120.)[3] On December 21, 2016, Defendants filed a response to Plaintiff's motion, agreeing that the issues regarding the declarations should be resolved before the case proceeds. (ECF No. 121.)

On January 3, 2017, Plaintiff filed a motion for an order to show cause why sanctions should not be imposed and requesting a show cause hearing, asserting that Ms. Mayer submitted a false declaration in this matter. (ECF No. 123.) Plaintiff argues that Defendants' motion for summary judgment should be denied in full as a sanction for Ms. Mayer's alleged misconduct.

Following other submission by the parties on these matters, on January 26, 2017, the Court set this matter for an evidentiary hearing. (ECF No. 28.) The Court also required defense counsel to provide certain evidence for in-camera review in advance of the hearing, (ECF No. 28, at p. 5), which was lodged with the Court on February 6, 2017, (ECF No. 132). As noted above, the evidentiary hearing was held on February 15, 2017. (ECF No. 139.)

## II.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or not warranted by the evidence. A party moving for Rule 11 sanctions bears the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

Federal Rule of Civil Procedure 56 concerns motions for summary judgment or partial summary judgment. Rule 56(h) provides as follows:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

---

[3] As discussed in its January 26, 2017 order, the undersigned found that no formal stay of proceedings was required, as a hearing would be promptly held regarding the disputed declarations. (ECF No. 128, pp. 4-5.)

Fed. R. Civ. P. 56(h). "Bad faith in the context of Rule 56(h) requires a deliberate or knowing act for an improper purpose." Raher v. Fed. Bureau of Prisons, Case No. 3:09-CV-00526-ST, 2011 WL 4832574, at *8 (D. Or. Oct. 12, 2011). See also Caron v. QuicKutz, Inc., Case No. CV-09-02600-PHX-NVW, 2012 WL 5497869, at *20 (D. Ariz. Nov. 13, 2012), aff'd sub nom. Caron v. Lifestyle Crafts, LLC, 528 F. App'x 993 (Fed. Cir. 2013) (striking declaration under Rule 56(h) for containing statements not based upon personal knowledge and statements intended to mislead the court, but denying request for attorney's fees.)

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991). Local Rule 110 of this district also provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Because of their very potency, inherent powers to sanction must be exercised with restraint and discretion. Chambers, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, Vernon, 255 F.3d at 1134; Fink, 239 F.3d at 994, but mere negligence or recklessness will not suffice, In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009).

"[O]utright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion." Chambers, 501 U.S. at 45 (citation omitted). "[C]ourts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir.1983) (citation omitted). The Ninth Circuit has held that falsifying evidence is a ground for imposing the sanction of dismissal. See Combs v. Rockwell Int'l Corp., 927 F.2d 486, 488 (9th Cir.1991) (affirming dismissal as appropriate sanction for falsifying a deposition); Wyle, 709 F.2d 589

4

(affirming dismissal where plaintiff's denials of material fact where knowingly false and plaintiff willfully failed to comply with discovery orders).

### III.

### DISCUSSION

**A.    Defendants' Motion for Sanctions**

In support of Plaintiff's opposition to Defendants' motion for summary judgment, he filed two typed declarations ostensibly from inmate Jaymes Thomas McCollum. (ECF No. 100, at pp.177-178, 202-204.) Defendants assert that these declarations are "complete fabrications and were [neither] written nor signed by inmate Jaymes Thomas McCollum." (ECF No. 117, at p. 12.) In support of this contention, Defendants submitted a declaration from Ms. Mayer, dated December 2, 2016. (Decl. of Counsel in Support of Defs.' Reply, ECF No. 117-2.)

Ms. Mayer's declaration states that on April 22, 2016, she conducted a telephone conference with inmate McCollum concerning the declarations, and she learned that he had not drafted or signed either of them. (Id. at ¶ 4-5.) Ms. Mayer further declares that she submitted copies of the two declarations to inmate McCollum, and asked him to explain his position in writing. (Id.) According to Ms. Mayer, the next day she received a handwritten declaration signed by inmate McCollum via the Litigation Coordinator at California State Prison-Corcoran, which stated the two declarations submitted by Plaintiff were "completely and utterly false." (Id. at ¶ 5; Ex. A.).

Defendants argue that if the Court determines Plaintiff fabricated evidence and forged another inmate's signature, then it should dismiss this lawsuit based on Plaintiff's bad faith submission of false evidence. Defendants further argue that dismissal is warranted as this case has been long-pending and unreasonably delayed by Plaintiff's alleged misconduct, and because they have been prejudiced by his allegedly willful deception of the Court.

Finally, Defendants argue that monetary sanctions would not have a deterring effect on Plaintiff, and therefore "dismissal is the only sanction that will adequately redress [Plaintiff's] misconduct." Nevertheless, Defendants also seeks monetary sanctions of $6,800.00 as their reasonable fees and costs in drafting their reply and objections to Plaintiff's opposition, as they contend it was based on the above-described fraudulent support. If this case is not dismissed, Defendants seek that

Plaintiff be required to tender payment before Defendants incur any additional fees and costs to defend this litigation.

### B.    Plaintiff's Motion for Sanctions

Plaintiff also filed a declaration from a former inmate Daniel Womack in support of his opposition. In Ms. Mayer's December 2, 2016 declaration, she testified that Mr. Womack's declaration contained information that she knew was false, (ECF No. 118-2 ¶ 6), and Defendants moved to strike that declaration on those grounds, (ECF No. 117, p. 13).

Plaintiff's motion for sanctions argues that Ms. Mayer's statement regarding the veracity of Mr. Womack's declaration is knowingly false. (ECF No. 123.) Plaintiff further argues that Ms. Mayer attempted to distort inmate McCollum's signature on the handwritten declaration submitted with her declaration, in an attempt to mislead the Court. (Id. at 6.) Plaintiff argues that Defendants' motion for summary judgment should be denied in full to redress Ms. Mayer's alleged misconduct.

### C.    Evidentiary Hearing

At the February 15, 2017 hearing in this matter, Defendants called inmate McCollum to testify. Defense counsel identified Plaintiff to inmate McCollum, and inmate McCollum testified that he did not know Plaintiff "off of the top of his head." Inmate McCollum testified that Plaintiff did not ask him to sign a typed declaration. Defense counsel showed inmate McCollum the two typed declarations submitted by Plaintiff from inmate McCollum. Inmate McCollum testified that he first saw those declarations on April 22, 2016, when Ms. Meyer faxed them to the prison where he was held. Inmate McCollum stated that he did not sign any typed declarations. The Court asked inmate McCollum to read one of the typed declarations that concerned a December 17, 2011 escort, (ECF No. 100, pp. 202-204), and asked if the statements in it are accurate. Inmate McCollum reviewed the declaration and stated, "I don't know nothing about that one."

Inmate McCollum also testified that he had a telephone conversation with Ms. Mayer, and drafted and signed a handwritten declaration given to her. Inmate McCollum testified that following the telephone conversation, he was provided with paper, wrote out the handwritten declaration, and he gave it to an officer for sending to Ms. Mayer. Inmate McCollum explained that she did not dictate what to write in that declaration. He stated that the handwritten declaration was in his words, and

identified the handwritten declaration submitted by Ms. Mayer as written by him, with his signature, and as true and accurate to his knowledge.

On cross-examination, inmate McCollum denied that any staff helped him with his handwritten declaration prepared for Ms. Mayer, and denied receiving any compensation for signing that declaration. When asked if he was escorted on December 17, 2011, inmate McCollum testified that he did not recall to the best of his knowledge. Inmate McCollum further testified that if a typed declaration that Plaintiff prepared was passed to his cell, he has no knowledge of it, and it was never given to him.

Defendants also called Ms. Mayer to testify. Ms. Mayer testified that she was previously the assigned counsel in this case, and in the course of reviewing discovery produced by Plaintiff, she found certain inmate declarations notable, including two declarations from inmate McCollum. She testified that she talked to a number of inmates, and spoke with inmate McCollum by telephone, and he was the "one inmate who indicated that he absolutely had not signed the declaration from [Plaintiff] as [Plaintiff] had indicated." Ms. Mayer further testified that inmate McCollum prepared a declaration for her, and Ms. Mayer received that declaration from the litigation coordinator. Ms. Mayer testified that she brought the motion for an order to show cause for sanctions in this case because inmate McCollum categorically denied signing two declarations used by Plaintiff. Ms. Mayer denied committing any fraud to this Court.

Regarding the motion for an order to show cause, Ms. Mayer testified that although she discovered during discovery that inmate McCollum denied signing the declarations submitted by Plaintiff, she waited to bring the motion until Plaintiff actually submitted them. She explained that this was because if Plaintiff never used the declarations, it would not have been put before the Court, and she would not have needed to "call that out." Ms. Mayer further testified that she  spent about 40 hours working on countering the two typed declarations from inmate McCollum, including researching case law, drafting her own declaration, and drafting the motion for an order to show cause. Her hours were billed to CDCR at $170 per hour. Ms. Mayer testified that her paralegal and her Supervising Deputy Attorney General also bill their additional hours to CDCR.

///

7

On cross-examination, Ms. Mayer testified that inmate McCollum indicated that the two typewritten declarations were false, and two other inmates told her the information in a declaration was not "specifically correct." She could not remember one of the inmate's names, the other was inmate Berry. Ms. Mayer also testified that inmate McCollum told her that he had never signed the declaration Plaintiff submitted, and she had no reason to disbelieve inmate McCollum.

During Ms. Mayer's testimony, following questioning by the Court, defense counsel withdrew Defendants' motion to strike Mr. Womack's declaration, stating that they were prepared to move forward only with regard to the declarations of inmate McCollum.

Plaintiff testified at the hearing on his own behalf. He testified that he personally gave two typed declarations to inmate McCollum to sign, and identified where they were located in the record. (ECF No. 100, pp. 177-78, 202-04.) Plaintiff further testified that they were about three or four cells away, so he went to inmate McCollum's cell and gave him the typed documents to sign through the cell, and McCollum signed them in front of Plaintiff, and passed them back to Plaintiff. Plaintiff denied filing any fraudulent declarations with the Court.

The Court questioned Plaintiff regarding his statements in the record that he had compared inmate McCollum's signatures on the typed declarations to other signatures. Plaintiff testified that a staff member at the institution pulled up inmate McCollum's file on a computer and showed to Plaintiff the signature of inmate McCollum, sometime after he received Ms. Mayer's declaration.

On cross-examination, Plaintiff testified that he was seeking monetary damages in this case. Plaintiff also testified that he is not permitted to view another inmate's file, but the staff member did a favor for him in exchange for his assistance on another matter. Plaintiff testified that he had not seen inmate McCollum's signature before he prepared the typed declaration. When asked for what purpose did he compare inmate McCollum's signatures, Plaintiff testified that it was because he knew inmate McCollum was lying, so he wanted to compare the signature that inmate McCollum had done for Ms. Mayer to his previous signatures.

///

///

///

**D.      Analysis**

1.      Defendants' Request for Sanctions

The Court finds that each of the two typed declarations Plaintiff filed from inmate McCollum, (ECF No. 100, pp. 177-78, 202-04), should be stricken from the record and not considered for purposes of Defendants' motion for summary judgment. At the hearing, Inmate McCollum denied signing those declarations. The Court also required inmate McCollum to consider the contents of the lengthier, more pertinent of the two declarations discussing a December 11, 2017 escort. The Court inquired of inmate McCollum whether the statements within it were accurate, and inmate McCollum denied any knowledge of the events. Plaintiff contested at the hearing whether inmate McCollum was accurately recalling the alleged December 11, 2017 escort. Regardless of whether and how that escort occurred, inmate McCollum now denies any knowledge of those alleged events. The Court can have no confidence in a declaration which the declarant himself disavows.

The Court next considers Defendants' requests for a terminating sanction, and monetary sanctions for their fees and costs. First, the Court does not find that Defendants have met their burden to show Rule 11 sanctions are warranted here. A motion for sanctions brought pursuant to Rule 11 has stringent notice and filing requirements. Rule 11 includes a strictly-enforced "safe harbor" provision. See Fed. R. Civ. P. 11(c)(2) ("The motion must be served . . . but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . . ."). See also Holgate v. Baldwin, 425 F.3d 671, 677-78 (9th Cir. 2005) (quoting Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998)) (sanctions cannot be awarded when "the challenging party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous"). Here, there is no evidence that Defendants complied with the safe harbor requirement prior to moving for sanctions. Accordingly, the Court will recommend the denial of Rule 11 sanctions.

Secondly, sanctioning Plaintiff under Rule 56(h) or the pursuant to the Court's inherent authority requires a finding of bad faith. The Court does not find that bad faith was established by the evidence presented here. Defendants argue that Plaintiff acted in bad faith here by submitting declarations containing both knowing falsehoods and forged signatures. Defendants assert that inmate

McCollum's declarations are fabrications. However, that Plaintiff prepared typed declarations for an inmate's signature does not establish that he fabricated them. Inmate McCollum testified that he did not have any knowledge of the events discussed in the declaration he reviewed, and did not recall whether those events occurred, but this does not positively refute the events described in the declarations. Nor was there sufficient evidence of forgery put forth by Defendants.[4]

Defendants rely on Newman v. Brandon, et al., No. 1:10-cv-00687-AWI-JLT, 2012 WL 4933478 (E.D. Cal. Oct. 16, 2012), and Uribe v. McKesson, No. 1:08-cv-01285-SMS, 2011 WL 3925077 (E.D. Cal. Sept. 7, 2011), in support of their requests for sanctions here, but the Court finds both cases distinguishable. In Newman, the court relied upon evidence that the declarant recalled the events differently than what was drafted in the declaration he signed, and also recalled that he signed a declaration that the Plaintiff did not permit him to review for accuracy. The court also relied upon "more troubling" evidence that another declaration was submitted for a declarant who could not have seen the events at issue as described in his declaration, thus showing that the declaration's contents were knowingly false. Both of those false declarations also went to the heart of the issue in that case, as they declared that excessive and unnecessary force was used, but the declarants either witnessed no force used at all, or would not have been able to observe whether force was used. In this case, the Court has not found evidence establishing that the events in the declaration could not have factually occurred, or sufficient evidence establishing that a signature was obtained through trickery and manipulation of the declarant. There are also declarations and evidence submitted by Plaintiff here, including from unrelated non-parties, regarding the disputed material issues in this case, that are not being challenged.

In Uribe, among the evidence relied upon was a plaintiff's admission that he forged the signature in a declaration, coupled with conflicting testimony by that plaintiff regarding whether he

---

[4] As noted in section **III.C.** of these findings and recommendations, defense counsel withdrew Defendants' motion to strike Mr. Womack's declaration during the hearing. That withdrawal was made after Plaintiff presented an argument and evidence in rebuttal, (ECF No. 124, pp. 14-20), and after he attempted to cross-examine Ms. Mayer regarding that rebuttal evidence at the hearing. Although the motion to strike was ultimately withdrawn, the Court has considered the parties' arguments about Mr. Womack's declaration, and the eventual withdrawal of the motion to strike it, in deciding not to recommend terminating sanctions against Plaintiff in this case, as it appears that the allegations of Plaintiff's conduct is less severe than when the issue was first raised..

had received permission to sign the declaration on the declarant's behalf. There was also evidence in Uribe that the plaintiff traced the declarant's signature from another legal document, and the declarant testified that the plaintiff attempted to pay the declarant money to pacify him when he raised issues with the forged declaration. Here, there is no admission by Plaintiff, nor any other similarly persuasive evidence, showing that Plaintiff forged inmate McCollum's signature.

Therefore, the Court finds that Defendants have not established bad faith by Plaintiff as necessary for the issuance of sanctions here, and thus it recommends that Defendants' request for sanctions be denied.[5]

2.    Plaintiff's Request for Sanctions

Plaintiff's request for sanctions is mainly based on his contentions that Ms. Mayer falsely asserted that Mr. Womack's declaration was knowingly false. As discussed above, at the hearing defense counsel withdrew the motion to strike Mr. Womack's declaration. Accordingly, this issue shall not be considered as a basis for Plaintiff's request for sanctions.

As to Plaintiff's contentions that Ms. Mayer in some way attempted to distort inmate McCollum's signature on the handwritten declaration she submitted, there was no evidence presented of any such attempt. The overwhelming testimony at the hearing was that the handwritten declaration was written and signed by inmate McCollum, and Plaintiff made no effort to dispute that fact. For these reasons, the Court recommends denying Plaintiff's request for sanctions.

3.    Other Matters

Plaintiff's request for leave to file a sur-reply to address the false declaration allegations (ECF No. 122) is moot, as he has addressed those allegations both in writing and at the February 15, 2017 hearing. Also, Plaintiff's request to stay this matter pending the evidentiary hearing, (ECF No. 120), is also moot.

///

///

---

[5] Although not discussed in their motion or filings, at the hearing Defendants argued that their request for sanctions was also based on the declaration of inmate Wayman Berry submitted by Plaintiff. (ECF No. 100, p. 188). However, as discussed at the hearing, these new allegations regarding that declaration would not be considered, as there is no dispute that inmate Berry signed his declaration.

**IV.**

**CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The declarations submitted by Plaintiff in support of his opposition to Defendants' motion for summary judgment by inmate Jaymes Thomas McCollum, (ECF No. 100, at pp.177-178, 202-204), be STRICKEN from the record;

2.      Defendants' request for terminating sanctions and monetary sanctions (ECF No. 118) be DENIED;

3.      Plaintiff's motion for sanctions (ECF No. 123), be DENIED; and

4.      Plaintiff's motions for leave to file a sur-reply, (ECF No. 122), and for a stay of summary judgment in this matter, (ECF No. 120), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **March 6, 2017**

UNITED STATES MAGISTRATE JUDGE

12