UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SUZANNE KILLEN et al.,<br><br>    Defendants. | No. 1:11-cv-01179-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING CROSS-MOTIONS FOR SANCTIONS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 90, 118, 120, 122, 123, 141, 142, 155) |

Plaintiff Daniel Masterson is appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's claims against defendants Killen, Hampson,[1] Hall, Fisher, Rodriguez, Santoro, and Tolson for retaliation in violation of the First Amendment, and against defendants Killen, Hampson, Hall, Rodriguez, Santoro, and Tolson for conspiracy to retaliate against plaintiff. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

---

[1] Defendant Hampson was sued under her former name "Velva Rowell."

1

# BACKGROUND

On March 7, 2017, the assigned magistrate judge issued findings and recommendations addressing (1) the parties' cross-motions for sanctions, and (2) defendants' motion for summary judgment. (Doc. Nos. 141, 142).

Regarding the motions for sanctions, the magistrate judge recommended that both of the typed declarations plaintiff filed from inmate McCollum (*see* Doc. No. 100 at 177–78, 202–04) be stricken from the record and not considered by the court in ruling upon defendants' motion for summary judgment because at a hearing McCollum denied signing the declarations and disavowed knowledge of the events discussed therein. (Doc. No. 142 at 9.) The magistrate judge further recommended that all other requests for the imposition of sanctions—including defendants' request for imposition of monetary and terminating sanctions—be denied; that plaintiff's request for leave to file a sur-reply to address the false declaration allegations (Doc. No. 122) be denied as having been rendered moot; and that plaintiff's request to stay this matter pending an evidentiary hearing (Doc. No. 120) also be denied as having been rendered moot. (Doc. No. 142 at 9–11.)

With respect to defendants' motion for summary judgment, the magistrate judge recommended that the motion be granted in part and that this action survive summary judgment and proceed only on the following claims: (1) plaintiff's claim that defendants Hampson and Killen retaliated against plaintiff in violation of the First Amendment by having his job reassigned, (2) plaintiff's claim that defendant Santoro and defendant Rodriguez retaliated against plaintiff for engaging in protected conduct in violation of the First Amendment, based on threats to have him placed in Ad-Seg on August 11, 2011; (3) plaintiff's claim that defendants Hampson, Killen, Rodriguez, and Santoro conspired to retaliate against him; and (4) plaintiff's state law claim for personal property loss arising out of an alleged retaliatory cell search conducted on December 27, 2011, and ordered by defendant Killen. (Doc. No. 141.)

Both findings and recommendations provided that the parties could file written objections thereto within thirty days of service. (*See* Doc. No. 141 at 28; Doc. No. 142 at 12.) On May 1, 2017, the court received plaintiff's objections to the magistrate judge's findings and

recommendations which were dated April 5, 2017. (Doc. No. 149.) Plaintiff's objections are directed at the findings and recommendations recommending that defendants' motion for summary judgment be granted in part, although plaintiff also offers therein some clarification regarding his motion for imposition of sanctions. On May 4, 2017, after being granted an extension of time in which to do so (*see* Doc. No. 146), defendants filed their objections to the findings and recommendations on the cross-motions for sanctions. (Doc. No. 150.) On June 2, 2017, plaintiff filed a response to defendant's objections. (Doc. No. 157.)[2]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted *a de novo* review of this case. Having carefully reviewed the entire file, including the parties' objections, and for the reasons set forth below, the court finds that both pending findings and recommendations are supported by the record and proper analysis and will adopt them.

## **CROSS-MOTIONS FOR SANCTIONS**

Plaintiff does not object to the recommendation that his motion for sanctions be denied. (*See* Doc. No. 149 at 2.)

Defendants, however, object to the magistrate judge's findings and recommendations, on the grounds that he recommended denial of defendants' request for monetary and terminating sanctions. (Doc. No. 150.) Specifically, defendants contend that dismissal of this action is an appropriate sanction because plaintiff's misconduct is likely to continue throughout this litigation, and that the magistrate judge distinguished applicable case law on grounds that are immaterial and unsupported. (*See id.*)

Here, the magistrate judge evaluated the testimony, evidence, arguments, and applicable case law and determined defendants did not adequately establish bad faith on the part of plaintiff to support the imposition of sanctions. As defendants concede, there is no evidence that plaintiff personally forged inmate McCollum's signature on the two declarations, and the magistrate judge did not find the other evidence relied upon by defendants in seeking terminating sanctions to be

---

[2] Although plaintiff's response was untimely, the court will nonetheless consider it. Accordingly, plaintiff's request for an extension of time to file a response to defendants' objections (Doc. No. 155) is denied as having been rendered moot.

persuasive. Accordingly, the court finds no error in the magistrate judge's findings and recommendation, will adopt them in this regard and will decline to impose additional sanctions on plaintiff at this time.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff objects to the recommendation that summary judgment be granted in defendants' favor with respect to his retaliation claims against defendants Hampson and Killen to the extent those claims are based on the issuance of administrative and informal chronos. The magistrate judge determined that plaintiff had failed to present any evidence on summary judgment that the issuance of the chronos was adverse to him, even if they did contain false statements. (*See* Doc. No. 141 at 18.) Plaintiff objects that the chronos were adverse because he was recently denied a position based on them, and because they can be considered by a parole board when considering whether to grant or deny parole. However, plaintiff again fails to identify any evidence in support of the first assertion, and the second assertion is purely speculative.

Plaintiff also objects to the recommendation that summary judgment be granted in favor of defendant Fisher because, plaintiff argues, the threat of placement in Ad-Seg is an adverse action. The magistrate judge's recommendation that summary judgment be granted in favor of defendant Fisher is not based on any finding that a threat of placement in Ad-Seg is insufficient to constitute an adverse action; rather it is based on plaintiff's failure to present evidence establishing the existence of a genuine issue of material fact as to whether defendant Fisher acted with a retaliatory motive based on protected conduct, and because plaintiff's eventual placement in Ad-Seg served a legitimate penological interest. (*See id.* at 19–22.) In his objections, plaintiff has not refuted these findings upon which the recommendation was based.

**CONCLUSION**

For the reasons set forth above:

1. The findings and recommendations regarding the parties' cross-motions for sanctions, filed on March 7, 2017 (Doc. No. 142) are adopted in full;

/////

/////

4

2. The declarations of inmate Jaymes Thomas McCollum submitted by plaintiff in support of his opposition to defendants' motion for summary judgment (Doc. No. 100 at 177–78, 20–204) are stricken from the record;

3. Defendants' request for terminating and monetary sanctions (Doc. No. 118) is denied;

4. Plaintiff's motion for sanctions (Doc. No. 123) is denied;

5. Plaintiff's motion for a stay pending an evidentiary hearing (Doc. No. 120) is denied as having been rendered moot;

6. Plaintiff's motion for leave to file a sur-reply (Doc. No. 122) is denied as having been rendered moot;

7. The findings and recommendations addressing defendants' motion for summary judgment, filed on March 7, 2017 (Doc. No. 141) are adopted full;

8. Defendants' motion for summary judgment (Doc. No. 90) is granted in part, as follows:

    a. Summary judgment is granted in favor of defendants Tolson, Fisher, and Hall and they are dismissed from this action;

    b. Summary judgment is granted in favor of defendants Hampson and Killen as to plaintiff's First Amendment retaliation claim, only to the extent that claim is based on the issuance of chronos; and

    c. Summary judgment is granted in favor of defendant Santoro as to plaintiff's First Amendment retaliation claim, only to the extent that claim is based on plaintiff's placement in Ad-Seg and transfer from SATF; and

9. This matter shall now proceed only on the following claims:

    a. Plaintiff's First Amendment claim against defendants Hampson and Killen for retaliation against plaintiff based on his job reassignment;

    b. Plaintiff's First Amendment claim against defendants Santoro and Rodriguez for retaliation against plaintiff with respect to threats with Ad-Seg placement on August 11, 2011;

/////

    c. Plaintiff's conspiracy claim against defendants Hampson, Killen, Rodriguez, and Santoro with respect to retaliation against plaintiff; and

    d. Plaintiff's state law claim for personal property loss arising out of an alleged retaliatory cell search on December 27, 2011, ordered by defendant Killen; and

10. Plaintiff's requests for an extension of time to file a response to defendants' objections (*see* Doc. Nos. 155, 157) is denied as having been rendered moot.

IT IS SO ORDERED.

Dated: **August 16, 2017**

UNITED STATES DISTRICT JUDGE