UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>S. KILLEN, et al.,<br><br>    Defendants. | No. 1:11-cv-01179-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN DEFENDANTS<br><br>(Doc. No. 173) |

Plaintiff Daniel Masterson is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On June 13, 2014, the assigned magistrate judge screened plaintiff's then-pending third amended complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 29.) The magistrate judge found that the third amended complaint stated a cognizable claim for retaliation in violation of the First Amendment against defendants Killen, Hampson, Hall, Fisher, Rodriguez, Santoro, and Tolson, and for conspiracy to retaliate against defendants Killen, Hampson, Hall, Rodriguez, Santoro, and Tolson. (Doc. No. 8.) The magistrate judge also found that plaintiff stated a cognizable supplemental state law claim for property deprivation. (*Id.* at 16–17.) Finally, the magistrate judge determined that plaintiff did not state any other cognizable claims. Plaintiff was directed to notify the court in writing whether he was willing to proceed on

1

the claims found cognizable in the third amended complaint.

On June 25, 2014, plaintiff filed notice of his intent to proceed only on the claims found to be cognizable by the magistrate judge in the June 13, 2014 screening order. (Doc. No. 30.) On that basis, on June 30, 2014, the magistrate judge issued an order dismissing the other claims and defendants for the failure to state a cognizable claim for relief. (Doc. No. 31). The magistrate judge indicated that jurisdiction existed under 28 U.S.C. § 636(c) to do so by order based on the fact that plaintiff had consented to magistrate judge jurisdiction and no other parties had yet appeared. (Id.) The case then proceeded on plaintiff's claims listed above.

On August 16, 2017, the undersigned ruled on several motions, including a motion for summary judgment on certain then-pending claims. (Doc. No. 159.) Shortly thereafter, as of September 15, 2017, the defendants in the action at the time consented to magistrate judge jurisdiction. (Doc. Nos. 6, 164.) Accordingly, on September 26, 2017, the court reassigned this action from the docket of United States District Judge Dale A. Drozd to the docket of United States Magistrate Judge Stanley A. Boone for all further proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 165.)

However, on November 9, 2017, the Ninth Circuit Court of Appeals held that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). On December 5, 2017, the assigned magistrate judge reinstated plaintiff's previously dismissed claims in light of the decision in *Williams*. (Doc. No. 173.) Concurrently, the assigned magistrate judge issued findings and recommendations recommending that the undersigned dismiss those reinstated claims. (*Id.*) The parties were given fourteen days to file objections to those findings and recommendations. To date, neither party has done so, and the time for doing so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on December 5, 2017 (Doc. No. 173) are adopted in full;
2. Plaintiff's equal protection claims, due process claims, failure to protect claim, and claims for denial of access to the courts are dismissed for the failure to state a claim upon which relief may be granted;
3. Defendants Cordova and Gomez are dismissed from this action based on the failure to state a claim against them upon which relief may be granted;
4. All parties having consented to magistrate judge jurisdiction for all further proceedings in this action pursuant to 28 U.S.C. § 636(c), (Doc. Nos. 6, 164), the court reassigns the action to United States Magistrate Judge Stanley A. Boone for all further proceedings. All papers filed in this action shall now bear the new case number: **1:11-cv-01179-SAB**.

IT IS SO ORDERED.

Dated: **January 8, 2018**

UNITED STATES DISTRICT JUDGE