# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON,<br><br>    Plaintiff,<br><br>v.<br><br>SUZANNE KILLEN, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01179-SAB (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>[ECF No. 176] |

Plaintiff Daniel Masterson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds to trial on the following claims: (1) Plaintiff's First Amendment claim against Defendants Hampson and Killen for retaliation based on Plaintiff's job reassignment; (2) Plaintiff's First Amendment claim against Defendants Santoro and Rodriguez for retaliation with respect to threats with Ad-Seg placement on August 11, 2011; (3) Plaintiff's conspiracy claim against Defendants Hampson, Killen, Rodriguez, and Santoro with respect to retaliation against Plaintiff; and (4) Plaintiff's state law claim for personal property loss arising out of an alleged retaliatory cell search on December 27, 2011, ordered by Defendant Killen. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 6, 164); Local Rule 302.

## I.

## BACKGROUND

On January 16, 2018, Plaintiff moved for the attendance of the following incarcerated witnesses: Jared Villery (CDCR #V88097), Waymon Berry (CDCR #22935), James Ray (CDCR

#AC5619), Mario Garcia (CDCR #F56691), David Moore (CDCR #K27397), and Jofama Coleman (CDCR #V27659). (ECF No. 176.) Defendants oppose the transport of inmates Villery, Berry, Garcia and Coleman. (ECF No. 177.)

This Court conducted a hearing regarding this matter on February 16, 2018. Plaintiff appeared pro se on behalf of himself, and Lawrence Bragg and Martha P. Ehlenbach of the Office of the Attorney General appeared on behalf of Defendants.

## II.

## LEGAL STANDARD

In determining whether to grant Plaintiff's motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. "Both sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015). A judge cannot "allow a witness to refuse to testify because he would prefer not to answer a question." Id. "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status." Id.

## III.

## DISCUSSION

First, Defendants do not challenge Plaintiff's request for the attendance of inmates Ray and Moore, but the Court still evaluates the above factors in considering Plaintiff's request.

Plaintiff submitted a declaration signed by inmate James Ray in this matter, declaring that inmate James was Plaintiff's cellmate during the relevant events in this case, and that he observed the allegedly retaliatory cell search ordered by Defendant Killen. Inmate Ray further declared that he

2

heard officers state that the search and ransacking of their cell was done because Plaintiff was filing complaints against library staff, and had "pissed her (LTA Killen) off." (Ray Decl., ECF No. 100, at 322-323.) Plaintiff further declares in support that inmate Ray is willing to testify in this matter. (ECF No. 176, at 3.)

Plaintiff also submitted a declaration signed by inmate David Moore in this matter, stating that inmate Moore heard Defendant Killen admit that Plaintiff was unassigned as a library clerk because he filed a complaint or appeal against Defendants Killen and Rowell. (Moore Decl., ECF No. 100, at 164-165.) The declaration also states that it was based upon personal knowledge, and that inmate Moore has no reservations in testifying. (Id.)

Based on the declarations submitted by Plaintiff, the Court finds that inmates Ray and Moore have testimony that will substantially further the resolution of this case. Therefore, inmates Ray and Moore should be transported to Court for trial.

Next, during the hearing on this matter, Plaintiff withdrew his request for the attendance of inmates Villery, Garcia, and Coleman. Accordingly, Plaintiff's requests for the attendance of those witnesses are deemed withdrawn.

Finally, as noted above, Defendants object to Plaintiff's request for the attendance of inmate Waymon Berry. Plaintiff submitted a declaration signed by inmate Berry that inmate Berry heard Defendant Killen admit that Plaintiff was unassigned from the Delta Facility Library due to filing a complaint against library staff. (9/4/10 Berry Decl., ECF No. 100, at 188.) Defendants object that inmate Berry's testimony is cumulative of inmate Moore's testimony.

Defendants further object that inmate Berry's testimony has changed based on a more recent declaration. (ECF No. 177, at p. 5 (citing 6/8/16 Berry Decl., ECF No. 90-5, at 1-5).) In the second declaration, inmate Berry agrees that he signed the earlier declaration, and that he overheard a verbal exchange between Plaintiff and Defendant Killen regarding the alleged retaliatory job reassignment here, but that Killen denied it. (*Id.* at ¶ 9.) Inmate Berry also denies other allegations made by Plaintiff, including that inmate Berry conspired with Defendant Killen. (*Id.* at ¶¶ 11-17.)

Based on the foregoing the Court finds that, on balance, there is a significant likelihood that inmate Berry has testimony that will substantially further the resolution of this case. Although there

3

are competing declarations from inmate Berry, both declarations show that inmate Berry has relevant testimony regarding the events at issue in this case. The testimony is not unnecessarily cumulative of inmate Moore's testimony, because while inmate Moore declares that he heard statements made on or about July 14, 2010, inmate Berry declares that he heard a conversation a few days later, on July 20, 2010. Thus, it appears the testimony concerns different conversations. The nuances of inmate Berry's exact observations is a subject of his credibility that is best explored at trial and resolved by the trier of fact.

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of incarcerated witnesses, filed on January 16, 2018 (ECF No. 176), is granted in part;

2. Plaintiff's requests for the attendance of inmates Jared Villery (CDCR #V88097), Mario Garcia (CDCR #F56691), and Jofama Coleman (CDCR #V27659), are deemed withdrawn;

3. Plaintiff's requests for the attendance of inmates Waymon Berry (CDCR #22935), James Ray (CDCR #AC5619), and David Moore (CDCR #K27397), are granted; and

4 The Court will issue the necessary transportation orders for Plaintiff and inmates Berry, Ray, and Moore in due course.

IT IS SO ORDERED.

Dated: **February 16, 2018**

UNITED STATES MAGISTRATE JUDGE