**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DANIEL MASTERSON,

      Plaintiff,

    v.

SUZANNE KILLEN, et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:11-cv-01179-SAB (PC)

**PRETRIAL ORDER**

***Motion in Limine Deadlines***:
   Filing:  March 20, 2018
   Response: April 3, 2018
   Hearing: April 16, 2018, at 3:00 p.m.
   in Courtroom 9 (SAB)

***Trial Date:***
   May 1, 2018, at 8:30 a.m. in
   Courtroom 9 (SAB) (3-4 Days)

      Plaintiff Daniel Masterson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds to trial on the following claims: (1) Plaintiff's First Amendment claim against Defendants Hampson and Killen for retaliation based on Plaintiff's job reassignment; (2) Plaintiff's First Amendment claim against Defendants Santoro and Rodriguez for retaliation with respect to threats with Ad-Seg placement on August 11, 2011; (3) Plaintiff's conspiracy claim against Defendants Hampson, Killen, Rodriguez, and Santoro with respect to retaliation against Plaintiff; and (4) Plaintiff's state law claim for personal property loss arising out of an alleged retaliatory cell search on December 27, 2011, ordered by Defendant Killen. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 6, 164); Local Rule 302.

This Court conducted a telephonic pretrial conference on February 16, 2018. Plaintiff appeared pro se on behalf of himself, and Lawrence Bragg and Martha P. Ehlenbach of the Office of the Attorney General appeared on behalf of Defendants.

Pursuant to Federal Rule of Civil Procedure 16(e) and Local Rule 283, the Court issues this final pretrial order.

## I.     JURISDICTION AND VENUE

This Court has jurisdiction and venue is proper. This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1334. Venue is proper because a substantial part of the events or omissions on which the claim is based occurred in this District.

## II.     TRIAL

The parties demand a trial by jury. Fed. R. Civ. P. 38(b).

Trial will begin on **Tuesday, May 1, 2018, at 8:30 a.m.** before United States Magistrate Judge Stanley A. Boone in Courtroom 9 (SAB). The trial will be trial by jury. The parties estimate the trial will take three to four days. Trial will consist of a jury of eight jurors with each side having three peremptory strikes.

## III.     FACTS AND EVIDENTIARY ISSUES

### A.     Undisputed Facts

**The parties agree that the following facts are undisputed:**

1.     At all relevant times, Plaintiff was a state prisoner in the custody of the California Department of Corrections and Rehabilitation, and was incarcerated at the California Substance Abuse Treatment Facility and State Prison, Corcoran (SATF).

2.     Beginning on or about June 19, 2010, Defendant Killen was employed as a Library Technical Assistant (LTA) at the Facility D library at SATF.

3.     At all relevant times, Defendant Hampson (née Rowell) was employed as Senior Librarian at SATF.

4.     At all relevant times, Defendant Rodriguez was employed as a Correctional Lieutenant at SATF.

5.     At all relevant times, Defendant Santoro was employed as an Associate Warden at SATF.

**Defendant contends that the following additional facts are undisputed:**

1.     Plaintiff worked at the Facility D library at SATF between September 5, 2009, and approximately July 15, 2010. Specifically, he worked as a literacy clerk between September 5, 2009, and February 13, 2010, and worked as a library clerk between February 13, 2010, and approximately July 15, 2010.

2.     Plaintiff was paid eighteen cents per hour for his work as a library clerk and as a literacy clerk.

3.     Facility D was on lockdown between approximately June 28, 2010 and July 19, 2010.

4.     Lieutenant Rodriguez spoke with Plaintiff on August 11, 2011.

5.     Officers Gutierrez and Peterson searched Plaintiff's cell on December 27, 2011, and removed contraband.

**B.     Disputed Facts**

**Plaintiff's submits that the following facts are disputed:**

1.     Whether Defendants Hampson and Killen retaliated against Plaintiff in violation of the First Amendment by having Plaintiff reassigned from his job assignment.

2.     Whether Defendant Santoro ordered Defendant Rodriguez to threaten Plaintiff with Administrative Segregation (Ad-Seg) placement in retaliation for protected conduct in violation of the First Amendment.

3.     Whether Defendant Rodriguez retaliated against Plaintiff for protected conduct in violation of the First Amendment; by threatening Plaintiff with Ad-Seg placement.

4.     Whether Defendants Hampson and Killen conspired to retaliate against Plaintiff.

5.     Whether Defendants Rodriguez and Santoro conspired to retaliate against Plaintiff.

6.     Whether Plaintiffs State Law Claim for personal property loss arose out of the alleged retaliatory cell search on December 27, 2011, ordered by Defendant Killen.

**Defendant submits that the following facts are disputed:**

1.     Whether LTA Killen reassigned Plaintiff from his position at the law library to a position as a yard worker in retaliation for his submission of an inmate grievance against Senior Librarian Hampson regarding the provision of copies.

3

2. Whether Plaintiff personally delivered a grievance to LTA Killen on July 13, 2010, regarding the provision of copies at the library.

3. Whether the process of reassigning Plaintiff to a different position began before he submitted a grievance regarding copies to LTA Killen.

4. Whether LTA Killen and Senior Librarian Hampson conspired to retaliate against Plaintiff with regards to his job reassignment.

5. Whether Senior Librarian Hampson was responsible for Plaintiff's job reassignment, or for approving his reassignment, to a position as a yard worker.

6. Whether Lieutenant Rodriguez threatened Plaintiff with placement in Administrative Segregation on August 11, 2011, in retaliation for Plaintiff filing complaints.

7. Whether Associate Warden Santoro ordered Lieutenant Rodriguez to threaten Plaintiff with placement in Administrative Segregation on August 11, 2011, in retaliation for Plaintiff filing complaints and inmate grievances.

8. Whether Associate Warden Santoro and Lieutenant Rodriguez conspired to retaliate against Plaintiff with regards to threats to place him in Administrative Segregation.

9. Whether LTA Killen ordered, or was responsible for, the confiscation of Plaintiff's property on December 27, 2011, during a cell search.

10. Whether Plaintiff's cell was properly searched on December 27, 2011.

### C. Disputed Evidentiary Issues

**Defendant submits the following disputed evidentiary issues:**

Defendants object to any evidence submitted by Plaintiff based upon or containing inadmissible hearsay, or evidence that is irrelevant, immaterial, or incompetent.

Defendants will contest the admissibility of any written statements by inmates whom Plaintiff claims are witnesses including, but not limited to, any statement or affidavit signed by said inmates. They constitute hearsay and would be cumulative to any testimony made under oath.

Here, Plaintiff designated his entire production of documents in discovery, and Defendants' entire production of documents in discovery, consisting of approximately 1559 pages, as trial exhibits. (Pl.'s Pretrial Statement, ECF No. 175 at 5:20-24.) Plaintiff also designated all discovery responses

4

submitted by Defendants, including the responses from Defendants Tolson, Fisher, and Hall, who have been dismissed from this action. (Pl.'s Pretrial Statement, ECF No. 175 at 5:26-6:13.) The majority of these documents are irrelevant to the remaining issues before this court, are inadmissible hearsay under Federal Rules of Evidence 801 and 802, and constitute cumulative evidence under Federal Rule of Evidence 403.

Plaintiff also listed Hiram Greene and Paul Balukas, Esq. as witnesses. (Pl.'s Pretrial Statement, ECF No. 175 at 5:3-4.) Both witnesses reside outside the State of California, and Defendants question whether these individuals possess sufficient personal knowledge concerning relevant issues in this case to testify at trial. Fed. R. Civ. P. 602.

Plaintiff has also listed a "Mr. Chen (Employment location unknown)" as a witness. (Pl.'s Pretrial Statement, ECF No. 175 at 5:1.) It is unclear who "Mr. Chen" is or whether he has sufficient personal knowledge concerning relevant issues in this case to testify at trial. Fed. R. Civ. P. 602.

Plaintiff has not made an expert witness disclosure as required by Federal Rule of Civil Procedure 26(a)(2). Defendants will object to testimony from any undisclosed expert witnesses. Plaintiff also should be prevented from presenting his own expert opinions at trial, and should be limited to lay-opinion testimony permitted under Federal Rule of Evidence 701.

Defendants reserve further objections to specific testimony and exhibits until such time as Defendants have had the opportunity to hear such testimony and examine such exhibits.

Defendants will also file specific objections to Plaintiff's exhibits once they have been exchanged with Defendants.

Should Plaintiff or any other incarcerated witnesses testify, Defendants will seek to impeach such witnesses by presenting evidence of prior felony convictions, pursuant to Federal Rule of Evidence 609. The verdict in this case will be affected by the credibility of witnesses. Therefore, Defendants argue that no one who has suffered a prior felony conviction is entitled to the false aura of veracity which would occur if impeachment were not allowed.

## IV.    SPECIAL FACTUAL INFORMATION

None.

///

5

## V.     RELIEF SOUGHT

Plaintiff seeks $180,000 in punitive damages, court costs, trial costs, filing fees, attorney fees allowed by law, and such relief that the Court deems proper.

Defendants pray for judgment in their favor with Plaintiff taking nothing, and an award of attorney's fees and costs.

## VI.     POINTS OF LAW

**Plaintiff submits the following points of law:**

Liability under 42 U.S.C. § 1983, the Civil Rights Act, under which this case was filed provides as follows:  Every person who, under color of [state law] ... subjects or causes to be subjected any citizen to the United States ... to the deprivation of any rights, privileges, immunities secured by the constitution shall be liable to the party injured in an action at lawsuit equity or other proper proceeding for redress.

Section 1983 provides a cause of action for the violation of Plaintiffs constitutional rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

**Defendants submit the following points of law:**

**A.     Retaliation**

To succeed on a First Amendment retaliation claim, an inmate must show that:  (1) a state actor took some adverse action against him; (2) because he engaged in constitutionally protected conduct; (3) the adverse action would chill a person of ordinary firmness in the exercise of his or her First Amendment rights; and (4) the adverse action did not reasonably advance a legitimate penological interest. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The inmate must also show that "his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quotation omitted). A defendant is not liable for retaliation if he or she would have taken the same actions in the absence of protected conduct. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314–16 (9th Cir. 1989).

The submission of an inmate grievance is conduct protected by the First Amendment. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Although retaliatory motive may be inferred from the

timing and nature of the allegedly retaliatory activities, Soranno's Gasco, Inc. v. Morgan, 874 F.2d at 1314–16, mere speculation that defendants acted out of retaliation is insufficient. Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). And timing alone does not prove retaliatory intent. Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation cannot be shown by the logical fallacy "after this, therefore because of this") (citation omitted).

It is the plaintiff's burden to prove "the absence of legitimate correctional goals for the conduct of which he complains." Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). In light of the fact that virtually any adverse action can be characterized as retaliatory, correctional officials are afforded "deference and flexibility… in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (internal citation omitted). Preserving institutional security is a legitimate correctional goal. See, e.g., Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (addressing the goal of eliminating gang activity); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (maintaining prison discipline is a legitimate correctional goal).

### B.     Conspiracy to Retaliate

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)); Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541). The plaintiff must also have suffered an actual deprivation of constitutional rights. Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). It is the plaintiff's burden to establish an actual deprivation. Woodrum, 866 F.2d at 1126.

### C.     Conversion

A prisoner is not protected by the Fourth Amendment against the seizure or conversion of his property. Taylor v. Knapp, 871 F.3d 803, 806 (9th Cir. 1989). However, an inmate may sue for the tort of conversion. To establish conversion, a plaintiff must show ownership or right to possess the

property, wrongful disposition of the property right, and damages. <u>Greka Integrated, Inc. v. Lowrey</u>, 133 Cal. App. 4th 1572, 1581 (2005). Remedies include recovery of the property, with damages for the detention, or damages based on the property's value. (Civil Code., §§ 3336, 3379.)

A prisoner generally has a right to personal property, although that right may be limited as is "reasonably related to legitimate penological interests." Pen. Code, §§ 2601(a) (addressing property ownership), 2600(a) (providing that, during confinement, an inmate may be deprived of certain rights). The California Department of Corrections has no ministerial duty to return inmate items designated as contraband. <u>Flores v. California Dep't of Corr. & Rehab.</u>, 224 Cal. App. 199, 208 (2014); <u>see</u> <u>also</u> Cal. Code Regs. tit. 15, § 3190(a) (inmates are allowed to possess only authorized property items based on privileges, assigned security level, or institution missions, and subject to disciplinary provisions). Registerable personal property must be registered in the institution's inmate property records, and property may be confiscated when it is not registered with the inmate's name and number. Cal. Code Regs. tit. 15, § 3191(a) & (b).

### D. Qualified Immunity

If one or more of the Defendants are found liable to Plaintiff, they are entitled to consideration of the defense of qualified immunity. For the purposes of qualified immunity, the court must consider whether the infringed right was clearly established, and "if a reasonable officer could have believed, in light of the clearly established law, that his conduct was lawful." <u>Saucier v. Katz</u>, 533 U.S. 194, 199, 201-02 (2001). In <u>Pearson v. Callahan</u>, 555 U.S. 223 (2009), the Court held that the first step of the test established in Saucier may be bypassed to facilitate proper qualified immunity analysis. <u>Id</u>. at 236.

Therefore, if the conduct of the government official is inherently reasonable, the Court may extend qualified immunity to a government official without first ruling on the constitutionality of the official's conduct. <u>Id</u>.

### E. Punitive Damages

Punitive damages are available in an action brought under 42 U.S.C. § 1983 only when a defendant's conduct is shown to be motivated by evil motive or intent, or involves reckless or callous indifference to the federally protected rights of others. <u>Smith v. Wade</u>, 461 U.S. 30, 51 (1983). It is not enough that defendants may have acted in an objectively unreasonable manner; their subjective state

of mind must be assessed. <u>Wulf v. City of Wichita</u>, 883 F.2d 842, 867 (10th Cir. 1989). Where there is no evidence that a defendant in a civil-rights action has acted with evil intent, there is no legal right to punitive damages. <u>Ward v. City of San Jose</u>, 967 F.2d 280, 286 (9th Cir. 1991). A plaintiff bringing a claim under 42 U.S.C. § 1983 has the burden of proving that punitive damages should be awarded by a preponderance of the evidence. <u>Dang v. Cross</u>, 422 F.3d 800, 807 (9th Cir. 2005) (citing Model Civ. Jury Instr. 9th Cir. 7.5 (2004)).

### F.     Impeachment by Evidence of Prior Felony Convictions and Prior Convictions Involving Dishonesty

Federal Rule of Evidence 609 provides that evidence of a witness's prior conviction of a felony may be used to impeach that witness's testimony. Defendants contend that no one who has a prior felony conviction is entitled to the false aura of veracity, which would occur if impeachment were not allowed. Accordingly, Defendants will seek to impeach the trial testimony of Plaintiff or any of Plaintiff's inmate-witnesses with evidence of any prior felony convictions.

Further, evidence that a witness has been convicted of any crime which involves an act of dishonesty or a false statement is admissible, regardless of the balancing test discussed in Federal Rule of Civil Procedure 403. Fed. R. Evid. 609(a)(2). Thus, Defendants will seek to impeach Plaintiff's trial testimony using any prior convictions involving dishonesty, such as crimes of fraud, false statement, and forgery.

### VII.    STIPULATIONS

Defendants request a stipulation as to the authenticity of documents contained in Plaintiff's central file and medical file, and those records contained in the central file and grievance file of inmate David Moore

### VIII.    AMENDMENTS/DISMISSALS

Plaintiff requests the Court to reconsider the dismissal of Defendants Tolson and Fisher from this action.

Defendants request that the Court amend the caption of this lawsuit to reflect the remaining Defendants only.

///

9

## IX. ABANDONED ISSUES

On August 17, 2017 this Court granted Defendants' Motion for Summary Judgment in part. (ECF No. 159.) Defendants Tolson, Fisher, and Hall were dismissed from the action. (Id. at p. 5.) Summary Judgment was granted for Defendants Hampson and Killen as to Plaintiff's retaliation claim, to the extent that it was based on the issuance of chronos. (Id.) And summary judgment was granted in favor of Defendant Santoro as to Plaintiff's retaliation claim to the extent that it was based on his placement in Administrative Segregation (Ad-Seg) or his transfer from SATF. (Id.).

## X. SETTLEMENT NEGOTIATIONS

The parties seek a referral to a magistrate judge for a settlement conference. The Court grants this request, and issued a separate order setting this matter for settlement on March 23, 2018. (ECF No. 185.)

## XI. AGREED STATEMENT

None.

## XII. SEPARATE TRIAL OF ISSUES

Defendants request to bifurcate the issue of punitive damages.

As is this Court's standard practice, the Court will bifurcate the issue of punitive damages. If the jury finds that any defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

## XIII. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

## XIV. PRE TRIAL FILING DEADLINES

### A. Motions In Limine and Hearing:

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). In the case of a jury trial, the Court's ruling gives the parties advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. Id. at 1111-1112.

///

10

Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n.4 (1984).

This Court further orders that the parties file motions in limine only with respect to important, critical issues. Motions in limine on abstract evidentiary issues or issues more appropriately addressed by the Court on a case-by-case basis (such as a motion in limine to exclude all irrelevant evidence) will be looked upon with disfavor. After satisfying the foregoing, if a motion in limine still seeks to address the admissibility of a particular trial exhibit, the exhibit in question must be referenced by the trial exhibit number so that the court can review the actual exhibit for admissibility. If the exhibit sought to be admitted would not be in the court's possession one week prior to the motion in limine hearing, then the exhibit in question must be included in the motion. Failure to properly reference or attach an exhibit in the motion will result in the request being denied.

The parties shall not file separate motions in limine for every issue presented to the Court. Rather, each party may file one consolidated motion in limine which is subdivided into separate sections for each issue setting for the legal authority and analysis. The responding party shall file one opposition in response addressing each motion in limine issue in a separate section.

The deadline for service and filing of motions in limine is **March 20, 2018**. The deadline for service and filing of an opposition, if any, is **April 3, 2018**. A telephonic motions in limine hearing will be held on **April 16, 2018, at 3:00 p.m.** in Courtroom 9, before the undersigned. Counsel shall contact the Courtroom Deputy, Mamie Hernandez, at (559) 499-5672, prior to the hearing date, to receive instructions regarding the conference call. The parties are directed to the Court previous order regarding the format and scope of the motion in limine and such motion and opposition shall conform to those requirements.

**B.    Trial Witnesses:**

No later than **April 23, 2018**, each party shall file and serve a final witness list, including the name of each witness and omitting witnesses listed in the joint pretrial statement which the parties no longer intend to call.

**Only witnesses who are listed in this pretrial order may appear on the final witness list**. **The parties may not call any witness that is not on the final witness list unless (1) it is <u>solely</u> for impeachment or rebuttal purposes, (2) the parties' stipulate, (3) additional witnesses are required in light of the Court's ruling on a motion <u>in</u> <u>limine</u>, or (4) it is necessary to prevent "manifest injustice."** Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

During trial, the parties' are obligated to provide the opposing party, by the close of the prior business day, the names of the witnesses the party intends to call on the next trial day. If evidentiary problems are anticipated, the parties' shall immediately notify the Court that a hearing will be required.

The following is a list of the witnesses that the parties expect to call at trial:

Plaintiff's Witnesses:

CDCR Staff:

a.      S. Killen (Represented by counsel)

b.      Velva Hampson (Represented by counsel)

c.      Kelly Santoro (Represented by counsel) .

d.      F. A. Rodriguez (Represented by counsel)

e.      Randy Tolson (Employment location unknown)

f.      Peggy Bacher (Employed by CDCR at CSATF-SP)

g.      Pedro Figueroa (Employed by CDCR at CSATF-SP)

h.      Scott Mandel (Employed by CDCR at San Quentin SP)

i.      Victoria Hernandez (Employed by CDCR at Salinas Valley SP)

j.      Douglas Hanson (Employed by CDCR at CSATF-SP)

k.      Michael Fisher (Retired from CDCR)

l.      Mr. Chen (Employment location unknown)

Non CDCR Staff:

m.      Hiram Greene (Hancock, MA)

n.      Paul Balukas, Esq. (Brooklyn, NY)

///

Non-incarcerated prisoners:

o.    Daniel Womack (San Francisco, CA)

Incarcerated prisoners:

p.    Waymon Berry (CDCR C22935)

q.    James Ray (CDCR AC5619)

r.    Charles A. Rogers (CDCR H34159)

s.    Fernando Gonzlaes (CDCR H31697)

t.    David Moore (CDCR K27397)

u.    Patrick H. Donohoo (CDCR G47887)

v.    Jason Saunders (CDCR H44398)

w.    Lester Kelii (CDCR K54532).

Defendant's Witnesses:

Percipient Witnesses

a.    S. Killen, Defendant

b.    V. Hampson, Defendant

c.    F. Rodriguez, Defendant

d.    K. Santoro, Defendant

e.    Correctional Officer L. Peterson, employed by CDCR at SATF

f.    Correctional Officer G. Gutierrez, employed by CDCR at SATF

g.    Y. Gonzalez, Office Technician employed by CDCR at SATF

h.    R. Tolson, employed by CDCR at California State Prison, Corcoran (COR)

i.    B. Hall, employed by CDCR at COR

j.    M. Fisher (retired), former CDCR employee

k.    Lieutenant Dean (retired), former CDCR employee

l.    Custodians of Records for Plaintiff's central file and medical file records.[1]

---

[1] Although the custodian(s) of records will be available to testify at trial, to avoid undue expense and absent any dispute about the authenticity of the documents to be presented, Defendants request that these witnesses be

m.  Custodians of Records for inmate David Moore's (K-27397) central file records and grievance records

Expert Witnesses

n.  Captain A. Williams

o.  W. Tilley

**The parties are forewarned that <u>every</u> witness they intend to call must appear on their own witness list. The mere fact that a witness appears on the opposing party's witness list is not a guarantee that the witness will be called at trial or otherwise be available for questioning by other parties. Each party must undertake independent efforts to secure the attendance of <u>every</u> witness they intend to call at trial.**

**C.  Exhibits**

Previously, the parties were ordered to exchange their proposed exhibit lists and pre-marked exhibits no later than March 1, 2018. (ECF No. 170, at 10-11.) For the reasons discussed at the telephonic trial confirmation hearing, this deadline is extended until **March 8, 2018**.

As noted below, no later than **April 23, 2018**, each party shall file and serve their final exhibit list. Defendants shall also deliver the final pre-marked exhibits for both parties to the Courtroom Deputy, Mamie Hernandez by that date.

1.  Pre-Marked Exhibits:

All exhibits must be pre-marked with an exhibit sticker or other legible numbering/lettering by the party who seeks to use it. If the individual exhibit includes multiple pages and is not easily identified as to each page (i.e., Bates stamp numbering), then the exhibit must be page numbered. This requirement that exhibits be pre-marked applies both to evidence that will be formally admitted into evidence as well as any other exhibits that will be presented in any manner during trial, such as "demonstrative" evidence. Each individual "original" exhibit that will be submitted to the jury must be stapled/fastened so that the exhibit does not become separated. Further, exhibits submitted to the jury must be pre-marked on the front page <u>only</u> in the manner described above. Impeachment or rebuttal

permitted to authenticate documents through their declarations. The Court applies the rules of evidence and absent a stipulation, the parties are expected to comply with this requirement.

evidence need not be pre-marked.

    **a.**    **Joint Exhibits**: Joint exhibits are those exhibits which all parties agree may be admitted into evidence without the need for laying a proper foundation under the Federal Rules of Evidence. Joint exhibits must be pre-marked with the designation "J-[Number]" (e.g., J-1, J-2). Those exhibits may be introduced at any time during the course of the trial. However, unless the parties agree otherwise on the record, joint exhibits are not "automatically" admitted into evidence: at least one of the parties must admit a joint exhibit into evidence. If an exhibit is not admitted by any party, the exhibit will not be given to the jury despite its "joint" designation as an exhibit.

    **b.**    **Plaintiff's Exhibits**: Plaintiff's exhibits must be pre-marked using **numbers** beginning with 1 (e.g., 1, 2, etc.). The Plaintiff must pre-mark his exhibits before they are provided to the Defendants.

    **c.**    **Defendants' Exhibits**: Defendants' exhibits must be pre-marked using **letters** beginning with A (e.g., A, B, C ... AA, BB, CC ... AAA, BBB, CCC, etc.).

2.    <u>Exchange and Filing of Exhibits List and Exhibits</u>

The parties' counsel shall meet and conduct an exhibit conference to pre-mark and examine trial exhibits and to prepare exhibit lists. No later than **April 23, 2018**, the parties shall file and serve their final exhibit list. Also, by that date, Defendants shall deliver the final pre-marked exhibits to the Courtroom Deputy, Mamie Hernandez.

Defendants are required to submit three (3) complete, legible and identical sets of the parties' exhibits in binders on or before **April 23, 2018**. Within the binders, the pre-marked exhibits must be separately tabbed and assembled in sequential order. The binders shall be delivered as follows:

    a.    **Two (2) binder sets** shall be delivered to Courtroom Deputy Mamie Hernandez (one for use by the Court and one for use at the witness stand); and

    b.    **One binder set** shall be provided for Plaintiff's use at his table.

3.    <u>Exhibits</u>

The following is a list of documents or other exhibits that the parties expect to offer at trial. As set forth above, exhibits must be pre-marked. <u>See</u> discussion, <u>supra</u>, Part XIV.C.1. No exhibit, other

than those listed in this section, may be admitted unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

     **a.**    **Plaintiff's Exhibits**

     1.    Plaintiff's Production of Documents enumerated from page 1 to page 1159

     2.    Defendants' Production of Documents enumerated from page 1 to page 400

     **b.**    **Defendants' Exhibits**

     1.    Work Change Application, dated July 14, 2010, and signed by LTA Killen

     2.    Excess Copy Justification Form, dated July 6, 2010, received by LTA Killen

     3.    Counseling Chrono, dated December 22, 2011, authored by LTA Killen

     4.    Inmate Assignment History for Plaintiff Daniel Masterson

     5.    Inmate Assignment History for inmate David Moore (K-27397), and related documents related to his job assignment in July 2010

     6.    Excerpts from the Departmental Operations Manual, Revised March 2010, Article 12, sections 101120.6 through 101120.16

     7.    Excerpts from the California Code of Regulations, Title 15, Section 3040 (Oct. 2009 rev.)

     8.    Confiscated Property Contraband Receipt, dated December 27, 2011, signed by Officers G. Gutierrez and L. Peterson

     9.    Informational Chrono (CDCR 128-B), dated December 27, 2011, authored by G. Gutierrez

     10.    General Chrono (CDCR 128-B), dated February 11, 2011, authored by Senior Librarian Hampson

     11.    Administrative Segregation Unit Placement Notice (CDC 128-G), regarding placement on January 11, 2012, reviewed by Captain R. Tolson and signed on January 12, 2012

     12.    Classification Chrono (CDCR 128-G), "Initial ASU Review," dated January 19, 2012

     13.    Classification Chrono (CDCR 128-G), "Initial ASU Review," dated February 2, 2012

     14.    Classification Chrono (CDCR 128-G), "Initial ASU Review," dated March 1, 2012

15. Classification Chrono (CDCR 128-G), "Initial ASU Review," dated March 15, 2012

16. Letter addressed to Inmate Masterson, dated February 21, 2012, authored by M. Fisher

17. Letter addressed to Inmate Masterson, dated February 27, 2012, authored by M. Fisher

18. Miscellaneous redacted SATF Library Logs, Facility D Law Library, dated between February 2010 and approximately December 30, 2011

19. Miscellaneous Inmate Work Supervisor's Time Logs (CDCR 1697) for Inmate Masterson, dated between November of 2009 and July 16, 2010

20. Miscellaneous SATF Program Status Reports dated between June and July of 2010

21. Photographs of SATF law libraries

22. Inmate/Parolee Appeal Form and attached petition, "Petition to Have LTA S. Killen Removed from Delta Facility," dated October 17, 2010

23. Inmate/Parolee Appeal Form (CDCR 602) Log No. SATF-D-10-02875, dated July 11, 2010 (all levels, non-confidential portions only)

24. Inmate/Parolee Appeal Form (CDCR 602) Log No. SATF-D-10-02721, dated July 18, 2010 (all levels, non-confidential portions only)

25. Inmate/Parolee Appeal Form (CDCR 602) Log No. SATF-D-11-02486, dated September 9, 2011 (all levels, non-confidential portions only)

26. Abstract of Judgment for Plaintiff's commitment offense, dated January 10, 1992

27. Declaration(s) of Custodian of Records of Plaintiff's central file records with CDCR

28. Declaration(s) of Custodian of Records of Plaintiff's medical file records with CDCR

29. Declaration(s) of Custodian of Records of inmate David Moore's central file records with CDCR

30. Declaration(s) of Custodian of Records of inmate David Moore's grievance records with CDCR

If the parties intend to use copies of exhibits or evidence at trial, those copies must be legible. The Court may, on its own motion, exclude illegible copies from evidence.

///

///

### 4. Responses to Discovery Requests

The parties may admit responses to discovery requests[2] into evidence. The parties shall file and serve a list of all responses to discovery requests intended to be used at trial no later than **April 23, 2018**. The list shall identify the responses to discovery requests by title and set number.

If a party seeks to admit a physical copy of the discovery responses into evidence at trial, the discovery responses must be pre-marked as an exhibit in the same manner discussed above. <u>See</u> discussion, <u>supra</u>, Part XIV.C.1. Alternatively, if the party intends to read relevant portions of the discovery responses into evidence, a copy of the discovery responses must be lodged with the Court no later than **April 23, 2018**. The Court will address objections to discovery responses as they arise during trial.

Even though discovery is closed, all parties are reminded of their continuing obligation to update their prior discovery responses if they obtain new information or is otherwise made aware that a prior discovery response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

**If a party attempts to admit or use for any purpose evidence that (1) was not previously disclosed during discovery and (2) should have been disclosed as an initial disclosure under Rule 26(a) or as a supplemental disclosure under Rule 26(e), the Court will prohibit that party from admitting or using for any purpose that evidence at trial, unless the failure was substantially justified or was harmless. <u>See</u> Fed. R. Civ. P. 37(c)(1).**

### 5. Deposition Testimony

Deposition testimony shall be designated by page and line number, with such designation to be **filed and served no later than April 10, 2018.** Any counter-designation as to the same designation (also set out by page and line number) shall be **filed and served no later than April 17, 2018.**

The original certified transcript of any deposition identified in a designated or counter-designation shall be lodged with the clerk's office **no later than April 23, 2018**, if not previously lodged with the Court.

///

---

[2] Responses to discovery requests include responses to depositions by written questions (Fed. R. Civ. P. 31), interrogatories (Fed. R. Civ. P. 33) and requests for admissions (Fed. R. Civ. P. 36).

If any party intends to admit relevant portions of deposition testimony into evidence, the relevant deposition testimony must be pre-marked as an exhibit in the same manner discussed above. See discussion, supra, Part XIV.C.1. However, any party may request that deposition testimony offered for any purpose other than impeachment be presented in non-transcript form, if available. See Fed. R. Civ. P. 32(c).

The Court will address objections to deposition testimony as they arise during trial.

### 6.    Duty of Counsel

The Court respects the jury's time and expects issues that must be presented outside the jury's presence to be raised such that the jury's service is not unnecessarily protracted. To the extent possible, the parties shall raise issues that must be presented to the Court outside of the jury's presence (1) in the morning before the jury sits, (2) during breaks, (3) in the afternoon after the jury is excused or (4) during any other appropriate time that does not inconvenience the jury. For example, if evidentiary problems can be anticipated, the parties should raise the issue with the Court before the jury sits so that there is no delay associated with specially excusing the jury. Issues raised for the first time while the jury is sitting when the issue could have been raised earlier will be looked upon with disfavor and counsel may be sanctioned for any fees, costs or other expenses caused by their failure to raise the issue at a more convenient time.

### 7.    Post-Trial Exhibit Retention

Pursuant to Local Rule 138(f), the Court will order that custody of all exhibits used, referenced and/or admitted at trial be returned to the party who initially marked the exhibit, irrespective of who used, referenced or admitted the exhibit at trial. The parties shall retrieve the original exhibits from the Courtroom Deputy following the verdict in the case. Joint exhibits will be returned to Plaintiff unless otherwise agreed to by the parties in writing or on the record. If a party wishes another method for exhibit retention, then such alternative method must be raised prior to the return of the exhibits.

### D.    Trial Briefs

Trial briefs are not required in this case.[3] However, if the parties chose the file a trial brief, it

---

[3] The deadline set for trial briefs set in this order shall supersede the deadline set in Local Rule 285(a).

shall be filed and served no later than **April 17, 2018**. The form and content of the trial brief must comply with Local Rule 285. Special attention should be given in the trial brief to address reasonably anticipated disputes concerning the substantive law, jury instructions and/or admissibility of evidence. Local Rule 285(a)(3). The parties need not include in the trial brief any issue that is adequately addressed in a motion in limine or in an opposition brief to a motion in limine.

**E.     Jury Instructions**

The parties shall file proposed jury instructions as provided in Local Rule 163 on or before **April 17, 2018**. The parties are only required to file proposed jury instructions relating to the substantive law underlying this action. All proposed jury instructions shall (1) indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's or Defendants'), (2) be numbered sequentially, (3) include a brief title for the instruction describing the subject matter, (4) include the text of the instruction, and (5) cite the legal authority supporting the instruction.

If the proposed jury instruction is based on the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions, the proposed jury instruction shall also include a citation to that specific instruction.

Defendants shall email their proposed jury instructions in Word® format to saborders@caed.uscourts.gov no later than **April 17, 2018**. Jury Instructions will not be given or used unless they are so e-mailed to the Court. Plaintiff is relieved of this requirement.

The Court will not accept a mere list of numbers associated with form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. Any blank fields in the form instructions must be filled-in before they are submitted to the Court. Irrelevant or unnecessary portions of form instructions must be omitted.

Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, and consist of neutral and accurate statements of the law. Argumentative or formula instructions will not be considered.

If any party proposes a jury instruction that departs from the language used in the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions, that party shall, by italics or underlining, highlight the differences in language and must cite the legal authority supporting the modification.

No later than **April 24, 2018**, the parties shall file and serve written objections to any disputed jury instructions proposed by another party. All objections shall be in writing and (1) shall set forth the proposed instruction objected to in its entirety, (2) shall specifically set forth the objectionable matter in the proposed instruction, and (3) shall include a citation to legal authority to explain the grounds for the objection and why the instruction is improper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

### F. Proposed Verdict Form

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must file one on or before **April 17, 2018**. Defendants' proposed verdict form shall also be e-mailed as a Word® attachment to saborders@caed.uscourts.gov no later than **April 17, 2018.**

### G. Proposed Jury <u>Voir</u> <u>Dire</u>

Proposed <u>voir</u> <u>dire</u> questions, if any, shall be filed on or before **April 17, 2018**, pursuant to Local Rule 162.1(a). The parties each are limited to fifteen (15) minutes of jury <u>voir</u> <u>dire</u>, unless this Court determines more time is warranted.

### H. Statement of the Case

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **April 17, 2018**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### XV. ASSESSMENT OF JURY COSTS FOR FAILURE TO TIMELY NOTIFY COURT OF SETTLEMENT

The parties must immediately notify the Court of any agreement reached by the parties which

resolves this litigation in whole or in part. Local Rule 160(a). The parties must advise the Court of settlement immediately, but must do so no later than 4:30 p.m. (Pacific Time) on **April 27, 2018**. If, for any reason attributable to counsel or parties, including settlement, the Court is unable to commence a jury trial as scheduled when a panel of prospective jurors has reported for voir dire, the Court may assess against counsel or parties responsible all or part of the cost of the panel. Local Rule 272(b). Jury costs will include attendance fees, per diem, mileage, and parking. If the parties request a continuance after the jury has been called, the Court may assess jury costs as a condition for the continuance.

## XVI.   COMPLIANCE WITH THIS ORDER

Strict compliance with this order and its requirements is mandatory. This Court will strictly enforce the requirements of this pretrial order, especially those pertaining to jury instructions and verdict forms. Failure to comply with all provisions of this order may be grounds for the imposition of sanctions, including possible dismissal of this action or entry of default, on any all counsel as well as on any party who causes non-compliance with this order. This order shall be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

Moreover, this order supersedes the parties' pretrial statement and controls the conduct of further proceedings irrespective of any purported rights the parties claim to reserve in their pretrial statement.

## XVII.  USE OF ELECTRONIC EQUIPMENT IN COURTROOM

Any party wishing to receive an overview or tutorial of the Court's electronic equipment must contact the Courtroom Deputy Mamie Hernandez at (559) 499-5672 or mhernandez@caed.uscourts.gov at least **two (2) weeks** before the start of trial in order to schedule a tutorial session at a time convenient to the Court's Information Technology staff. The parties need to coordinate so everyone who is interested can attend the IT conference, the Court will hold only one conference per case. The parties shall confer and advise the Courtroom Deputy Clerk Mamie Hernandez of the date and time that has been agreed upon. The parties will not be provided any training on the day of or during the course of the trial.

The electronic equipment and resources available for this trial may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources

available in this courtroom at another time. It is the responsibility of the parties to familiarize themselves with the equipment and resources available for use in this trial prior to the commencement of trial. If any party is unfamiliar with the equipment and resources available for use in this trial, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs or expenses associated with any delay.

### XVIII.  OBJECTIONS TO PRETRIAL ORDER

Any party may file and serve written objections to any of the provisions of this order on or before **March 8, 2018**. Such objections shall specify the requested modifications, corrections, additions or deletions.

### XVIV. OTHER INFORMATION

Additional information describing this Court's expectations regarding attorney conduct and decorum during all proceedings before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there are links to "Standard Information" and "Trial Conduct and Decorum."  All parties and counsel shall comply with the guidelines set forth therein. However, in the event that there is a conflict between this order and the information on the Court's website, this order shall supersede the information on the Court's website. Furthermore, additional information can be found on the Court's link including the Court's "Jury Selection Procedures" in civil juries.


IT IS SO ORDERED.

Dated:  **February 21, 2018**

UNITED STATES MAGISTRATE JUDGE