**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL MASTERSON, | No. 1:11-cv-01179-DAD-SAB (PC) |
| Plaintiff, | ORDER VACATING MARCH 2, 2018 TELEPHONIC HEARING AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| S. KILLEN, et al., | |
| Defendants. | [ECF No. 179] |

Plaintiff Daniel Masterson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 29, 2018, Plaintiff filed a motion for temporary restraining order and declaration in support thereof. Plaintiff contends that prison officials are hindering him from complying with the Court's deadlines, and are harassing and threatening him in an attempt to cause him to abandon the prosecution of this action. Plaintiff seeks an order preventing prison officials from confiscating, destroying, or hindering his access to his legal materials or transferring him out of his current facility. Plaintiff specifically declares that he was recently summoned to receiving and release under the guise of being transferred, but instead his legal property was mixed up and taken out of order, including exhibits that he was preparing for exchange pursuant to this Court's October 13, 2017 trial scheduling order.

1

On February 16, 2018, the Court held a hearing on Plaintiff's motion for a temporary restraining order and declaration in support, filed on January 29, 2018. (ECF No. 179.) Plaintiff appeared pro se on behalf of himself, and Lawrence Bragg and Martha P. Ehlenbach, of the Office of the Attorney General, appeared on behalf of Defendants.

The Court directed defense counsel to immediately contact prison official's regarding Plaintiff's access to his legal materials, as discussed in open court. The Court also directed defense counsel shall file a status report regarding this matter on or before February 28, 2018. The Court also directed any status report by Plaintiff to be received by the Court no later than that same date. A telephonic hearing will be held on Friday, March 2, 2018 at 3:00 p.m. on Plaintiff's motion for temporary restraining order, in Courtroom 9, before the undersigned.

Defendants filed a status report on February 26, 2018. Plaintiff did not file a status report by the February 28, 2018 deadline. Based on the representations by defense counsel in the February 26, 2018 status report, the Court will vacate the March 2, 2018 hearing and deny Plaintiff's motion for temporary restraining order.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added). The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. §

3626(a)(2). The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Defense counsel submits that she spoke with the litigation coordinator at California Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) on Friday, February 16, 2018. (Ehlenbach Decl. at ¶ 2.) The litigation coordinator agreed to communicate with staff in Receiving and Release (R&R) to ensure that Plaintiff was granted access to the portion of his legal material that was being stored in that area. (Id. at ¶ 3.) Counsel spoke with Plaintiff on Friday, February 23, 2018, and Plaintiff indicated that he was missing certain pages from exhibits one and two, so defense counsel compiled copies of the pages she understood to be missing and mailed them via overnight delivery to SATF. (Id. at ¶¶ 6-7.) Plaintiff further stated that exhibits three through twenty-one of his twenty-one proposed trial exhibits were compiled and ready for copying, and he did not require additional access to prepare his trial exhibits. (Id. at ¶¶ 5-6.)

Based on counsel's representations in the February 26, 2018 status report, Plaintiff has received access to all the necessary documentation and has prepared his trial exhibits. Accordingly, the telephonic hearing set for March 2, 2018 is vacated, and Plaintiff's motion for a temporary restraining is denied as moot.

IT IS SO ORDERED.

Dated: **March 1, 2018**

UNITED STATES MAGISTRATE JUDGE